GALVESTON WHARF CO. v. GULF, COLORADO & SANTA FE RY. CO.

No. 2363.

1.  **Condemnation Proceedings.**—Prior to Act approved March 19, 1889, the District Courts of this State had no jurisdiction to condemn private property for the right of way or in fee in favor of a railway company.

2.  **Same.**—When a statute provides a tribunal and mode of procedure by which property may be condemned to a public use such tribunal has exclusive jurisdiction over the subject. The person to whom the statute gives the right to institute a proceeding to condemn land can not resort to any other.

3.  **Trespasser on Land—Rent.**—An owner of land held in adverse possession by a trespasser can not establish a rental value of the land by making monthly demand for a specified sum of the trespasser.

4.  **Rent.**—In suit for rent it devolves upon the plaintiff to show an agreement to pay the rent to which the minds of both parties have assented. This may be shown by circumstantial evidence.

5. **Rental Value.**—It seems that the rental value of land is not increased by the fact that a railway company might desire to use it, at least where there is no competition for the use of the land.

6. **New Trial—Conflicting Testimony.**—See facts where in a conflict in testimony as to value the verdict will not be disturbed.

ERROR from Galveston.   Tried below before Hon. Wm. H. Stewart.

This suit was instituted March 26, 1886, by the plaintiff in error against the defendant to recover for the use and occupation by the latter of block of lots No. 640, in the City of Galveston, belonging to said plaintiff, at the rate of $100 per month therefor from July 1, 1883, hitherto.   The defendant by answer denied its liability, and by way of cross action or reconvention sought to condemn for its use a portion of said block, described by metes and bounds, offering to pay the value thereof to plaintiff, and praying that the same be condemned and the title thereof be vested in plaintiff.   The plaintiff filed exceptions to defendant's reconvention or cross action for condemnation and denied all the allegations thereof, and pleaded specially and at length its own incorporation as a wharf company, and its franchises and powers authorizing it to maintain, construct, and operate a railway, and that these powers had been and were being exercised; its ownership of said block of lots No. 640, and the paramount right of plaintiff to use same for its corporate purposes and the public necessity therefor, and of its prior dedication to such use, etc., and denying in all respects the right of condemnation as claimed and prayed for by the defendant.   The court overruled the plaintiff's exceptions, and the cause was submitted to a jury, who rendered a verdict in favor of plaintiff for the sum of $780.50 for rent and in favor of defendant for condemnation of the specified part of block No. 640 by metes and bounds (which embraced only a part of that described in defendant's cross petition for condemnation), and assessed the damages or valuation thereof at $2000.

The court rendered judgment thereon in favor of the plaintiff against the defendant for said amounts, and in favor of the defendant for condemnation of that portion of said block No. 640 described in the verdict. The plaintiff made motions in arrest of judgment and for new trial, which were overruled, and plaintiff gave notice of appeal, and subsequently sued out writ or error, gave bond, and assigned errors.   The opinion sufficiently details the other matters discussed by the court.

*Wheeler & Rhodes* and *C. L. Cleaveland,* for plaintiff in error. — 1. The plaintiff's action being a personal action in assumpsit for rent only of block 640, the defendant was not entitled by way of cross action or counter claim therein or thereto to claim condemnation of the block 640 or any part thereof, and the court was without jurisdiction of the subject matter of said claim.   Rev. Stats., arts, 4182, 4185; Rev. Stats., title

21; Const., art. 5, secs. 8, 17, 22; Sayles's Pl., sec. 138; G. C. & S. F. Ry. Co. v. Poindexter, 70 Texas, 98; I. & G. N. Ry. Co. v. Benitos, 59 Texas, 327; Mills on Em. Do., secs. 87, 90; 1 Wood on Rys., 795; Charter of G. C. & S. F. R. R., sec. 10; Field on Corp., 507; 5 Wait's Act., 286; Pierce on R. R., p. 177.

2.   The court should have given the charge asked by plaintiff (see opinion) on the subject of rent and rental value.   Add. on Con., 3 Am. ed., secs. 30 and 1399; Taylor's Land. & Ten., sec. 19; 1 Wait's Act., pp. 72–3.

*Gresham, Jones & Spencer,* for defendant in error. —1.   The defendant having by mistake entered upon the property in controversy under the belief that it owned the same, and having erected valuable improvements thereon, which are necessary and essential to it in the transaction of its business, and plaintiff having instituted suit for its use and occupancy in the District Court, that court being a court of general jurisdiction with full equity powers had authority to condemn the property and to adjust and settle the rights of both parties.   County of Anderson v. Kennedy, 58 Texas, 616; Const. art. 5, secs. 8, 16; Peticolas v. Carpenter, 53 Texas, 23; Chambers & Thigpen v. Cannon, 62 Texas, 294; Stein v. Frieberg, Klein & Co., 64 Texas, 272; Pat. New. & N. Y. R. R. v. Kamlap, 28 Am. and Eng. R. R. Cases, 251, and authorities cited by the court, p. 254; I. &. G. N. Ry. Co. v. Benitos, 59 Texas, 328; T. & P. Ry. Co. v. Hayes, 3 Will. Con. App. Cases, secs. 56, 61.

2.   The ground asked to be condemned not being for right of way, but being desired and necessary for station buildings, machine shops, etc., the railway company sought and had the right to acquire the fee to the land, which could only be vested in it by the District Court.   Const., art. 5, secs. 8, 16; Mills on Em. Do., sec. 50; Pierce on Railroads, 157, 159; Rev. Stats., arts. 551, 4180, 4206, 4211; Wash. on Real Prop., 401; Bouvier's Law Dic., word "purchase"; James v. Moray, 2 Cowan, 290.

3.   There is nothing in the evidence to show an express or an implied contract to pay rent, but if there had been the charge of the court fully covers the right of the plaintiff to recover.   M. H. & O. R. R. Co. v. Harlon, 37 Mich., 554; Victory v. Stroud, 15 Texas, 373; Stacey v. Vt. Cent. R. R. Co., 32 Vt., 553, 554.

GAINES, ASSOCIATE JUSTICE.— The Gulf, Colorado & Santa Fe Railway Company having laid its track across the corner of a lot in the city of Galveston belonging to the Galveston Wharf Company and erected certain buildings thereon, the latter brought suit against the former to recover for the use and occupation of the property, alleging a contract to pay $100 per month rent.   The defendant company pleaded a general denial, and also pleaded in reconvention that the property (describing

it) was necessary to its uses, and that it had tendered the plaintiff the value thereof (stating the sum), and prayed that the property be condemned.

The plaintiff recovered for the use of the property a less sum than it claimed, and there was also a judgment for the defendant condemning the property to its use and awarding to the plaintiff the value thereof as found by the jury. The plaintiff appeals.

The first question presented is as to the power of the court to enter a judgment of condemnation in this proceeding. In Railway Company v. Benitos, 59 Texas, 326, it is said that "it is held by the great weight of authority that when a statute provides a tribunal and mode of procedure by which property may be condemned to a public use such tribunal has exclusive jurisdiction, and that the person or corporation to whom the statute gives the right to institute a proceeding to condemn land can not resort to any other." Following this doctrine it was decided by the Commission of Appeals in an opinion adopted by this court that property could not be condemned for public use in the District Court in a suit of this character. G. C. & S. F. Ry. Co. v. Poindexter, 70 Texas, 98. As authority for holding that the court below erred in not sustaining the exceptions to so much of defendant's answer as sought to condemn the land the case cited is precisely in point.

The appellant company there had been sued in the court below by the owners of a certain tract of land crossed by its line of road to recover the land upon which the roadbed was constructed and the right of way claimed. The company in its answer prayed that in the event that the plaintiffs should be held entitled to recover the right of way should be condemned in that suit and its value assessed, and it had judgment accordingly. This was held error and that the District Court had no jurisdiction to hear and determine the plea for the condemnation of the land. The only distinction between the two cases so far as the point under consideration is concerned is that in the former case the condemnation of an easement only was sought, while in this the defendant asked the condemnation of the fee. But the statute provides the same mode of procedure for condemning the fee as for condemning the right of way, and therefore the principle applicable to the two cases is the same. Rev. Stats., arts. 4180, 4194, and 4206. The exceptions to defendant's special answer should have been sustained; but it is due to the learned judge who tried the case below to say that at the time of the trial the opinion in Railway Company v. Poindexter, above cited, had not been delivered.

The other assignments of error which relate to this branch of the case need not be considered. In reference to the rents, the evidence showed that the defendant company appropriated plaintiff's land by mistake.

In 1883 the wharf company discovered that the railroad company was in possession of its land, and thereupon the secretary of the wharf company wrote to the president of the railroad company demanding rent at

the rate of $100 per month, and presenting a bill, but received no reply. He wrote again a short time afterwards notifying the railroad company that if it continued to occupy the premises it would be charged $100 per month. In 1886 the general manager to whom a bill for rent at $100 per month had been presented wrote declining to pay it because it was exorbitant.

The secretary of the plaintiff company presented defendant company a bill for $100 rent at the end of every month, but none of them were paid. The plaintiff asked the court to give a charge which embraced this instruction:

"And you are further charged that if you find from the evidence that the defendant used and occupied the plaintiff's property for the period claimed, and that there was no express understanding as to rent or compensation, but that plaintiff charged rent therefor at the rate of $100 per month, and rendered and delivered monthly bills for such charge of $100 per month monthly to defendant, and that defendant received these bills monthly and made no objection thereto, and continued to use and occupy said property after such notice of said charge, then you are charged that under these circumstances the law implies a contract on the part of defendant to pay such sum, and your verdict should be for plaintiff for such sum per month for the number of months that it has been shown by the evidence the defendant occupied said premises after such notice."

The court refused this charge and its refusal is assigned as error. We think the court did not err in refusing the instruction. A contract necessarily requires the assent of both parties except in a small group of cases where the law implies the consent of the party sought to be charged; but the occupation of land without the consent of the owner is not one of this class. See Bishop on Con., ch. 8.

The rule is not changed where the owner notifies the trespasser that unless he gives up the possession he will be charged rent at a certain rate. To so hold would be to decide that the owner of the land by giving notice to the trespasser that he must pay rent or abandon the premises could change the relation of the parties and of his own motion make them landlord and tenant. Not only this, but by fixing the amount of rent to be paid he could recover in his action a sum not agreed upon by the occupant but arbitrarily fixed by himself. In cases of this character in order to recover rent technically as such there must be an agreement to pay the rent to which the minds of both parties have assented. In the absence of direct proof of an express agreement an agreement may be established by circumstances, but they must be such as to induce the belief that it was consented to by the parties to it. Such being the law it is sufficient to say in reference to the assignment under consideration that the charge given by the court went as far as the plaintiff had the right to demand, and no further instruction was necessary.

It is also assigned that the court erred in refusing to grant a new trial on the ground that the evidence did not warrant a verdict for the sum awarded by the jury. Upon the question of the value of the use and occupation of the premises the evidence was conflicting. One witness swore that the value was $100 per month for railroad purposes; another put it as low as $20, but did not know what it was worth for railroad purposes. We fail to see any reason why it was worth more because a railroad might desire to use it than if an individual wanted it. It does not appear that any railroad company other than the defendant could have made use of the property. It seems to us the proper measure of plaintiff's damages was what the plaintiff could have leased it for if the defendant had not inadvertently occupied it, and that if the jury believed the witness who last testified as to the value they gave an ample compensation. We can not say that the damages are manifestly too small, and therefore the verdict should stand.

The judgment will be reversed and here rendered for the plaintiff below for the amount found by the jury as damages for the use and occupation of the premises, and also for the plaintiff against the defendant on its plea in reconvention. The appellee will pay all costs in this court and the court below.

*Reversed and rendered.*

Opinion January 18, 1889.