## PECOS & N. T. RY. CO. v. MALONE et al.
### (No. 128–3016.)

(Commission of Appeals of Texas, Section A. June 2, 1920.)

**1. Eminent domain ☞172—District court has no jurisdiction to enter judgment of condemnation except in cases stated.**

The district court has no jurisdiction to enter a judgment of condemnation, except in cases falling within the terms of Rev. St. art. 6531, providing that, in suit against a railroad for property occupied for railroad purposes or for damages thereto, the court may determine all matters in dispute, including the condemnation of the property, upon petition or cross-bill asking such remedy by defendant.

**2. Eminent domain ☞167(1)—Gas, electric current, and power companies cannot litigate question of condemnation in suits against them by landowners.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 1283a–1283f, as to the incorporation of gas, electric current and power companies, in providing, by article 1283, for condemnation by

such company in the same manner and method as is provided by law in the case of railroads, pipe lines, and telegraph and telephone lines, does not extend to gas, electric current and power companies the benefits of article 6531, allowing a railroad, in a suit against it by the owner of land, to litigate the question of condemnation, in view of Rev. St. arts. 1232, 1306; article 6531 being a special provision, and therefore not included by the adoption by article 1283d of general provisions as to condemnation by railroads, etc.

Error to Court of Civil Appeals, of Seventh Supreme Judicial District.

Action by the Pecos & Northern Texas Railway Company against C. A. Malone and another. From the judgment plaintiff appealed, and to review its affirmance by the Court of Civil Appeals (190 S. W. 809) brings error. On recommendation of the Commission of Appeals, judgment of the district court and Court of Civil Appeals reversed and remanded, with instruction.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellant.

H. C. Randolph and P. B. Randolph, both of Plainview, for appellees.

SPENCER, J. On May 6, 1912, plaintiff, the Pecos & Northern Texas Railway Company, filed suit in the ordinary form of trespass to try title, seeking to recover of the Malone Light & Ice Company, a corporation, and C. A. Malone, the land described in plaintiff's petition. The Malone Light & Ice Company in erecting an ice and power plant extended, by mistake, the east side of the building, which was 74 feet in length, onto plaintiff's right of way. The extension was 6.4 feet at the south end and 8 feet at the north end. The right of way runs north and south. The building was commenced in 1909 and completed in 1910. Plaintiff, by an amendment filed February 7, 1916, in the form of an action to try title, sought to recover the strip of land upon which the building, by mistake, had been rested.

The Texas Utility Company, a corporation, under and by virtue of chapter 21A, title 25, of Vernon's Sayles' Ann. Civ. St. 1914, organized for the purpose of generating and selling electric current and power, purchased the physical properties, franchises, and easements of the Malone Light & Ice Company, and assumed all the duties and obligations, among which was the duty and obligation to operate and maintain an electric light and power plant in the city of Plainview, Tex. It filed its plea of intervention on the 10th day of May, 1916, admitting the title of the land to be in plaintiff, and sought in its plea to condemn not only the land upon which the building rested, but also an additional strip of 9 feet, alleging that this additional strip was comprehended within the description of the land sued for by plaintiff, and that it was necessary for the protection of the wall and building, and for a passage along beside the building.

The case was tried before the court, without the aid of a jury, and judgment rendered decreeing the land described in plaintiff's amended petition to be the property of the plaintiff, and condemning the land, including the 9-foot strip, to the use and benefit of the intervener. Upon appeal to the Court of Civil Appeals the judgment of the district court was affirmed. 190 S. W. 809. The writ was granted upon application referred to the Committee of Judges.

[1, 2] It is clear, since the decision in the case of Wharf Co. v. Railway Co., 72 Tex. 454, 10 S. W. 537, that the district court has no jurisdiction to enter a judgment of condemnation, except in those cases falling within the terms of article 6531 of the Revised Civil Statutes of 1911, which reads:

"When any railroad company is sued for any property occupied by it for railroad purposes, or for damages thereto, the court in which such suit is pending may determine all matters in dispute between the parties, including the condemnation of the property, upon petition or cross-bill asking such remedy by defendant, but the plea for condemnation shall be an admission of the plaintiff's title to such property."

Intervener's right of condemnation is secured to it by virtue of article 1283d of Vernon's Sayles' Ann. Civ. St. 1914, which article provides:

"That the manner and method of such condemnation shall be the same as is provided by law in the case of railroads, pipe lines, and telephone and telegraph lines."

The question then arises: Was it the intention of the Legislature in granting the right of eminent domain to corporations chartered under and by virtue of chapter 21A, title 25, of Vernon's Sayles' Civil Statutes, to extend to them the benefits of article 6531?

The general law outlining the manner and method of condemnation by railroad companies was incorporated in the Revised Civil Statutes of 1879, title 74, chapter 8, articles 4178 to 4208, inclusive. The directions therein contained for obtaining right of way and condemning lands for the corporation's use are full, explicit, and complete.

Article 6531 was passed by the Legislature March 19, 1889, as an added section or amendment to article 4205 of the Revised Civil Statutes of 1879. The law of 1879, with this amendment, was carried into the revision of 1895 as articles 4443 to 4475, inclusive. Article 1232 of the Revised Civil Statutes of 1911, which is article 5985 of Paschall's Digest, carried forward in the revision of the Code, gives telephone and telegraph companies the right of condemnation, directing

that they "may proceed to obtain the right of way and condemn lands for the use of the corporation in the manner provided by law in the case of railway corporations." Article 1306 of the Revised Civil Statutes of 1911, enacted in 1899, gives the right of condemnation to pipe lines in this language: "The manner and method of such condemnation shall be the same as is provided by law in the case of railroads."

It is clear from a reading of these several statutes, giving the various corporations organized under them the right of eminent domain, that it was the legislative intent to provide a direct method of obtaining the requisite lands and right of way to transact the business of the corporation, and one in which the initial steps to condemn were to be taken by the corporation; and not that condemnation should proceed by the indirect method of unauthorized entry, by the corporation, upon the land of the citizen, thus encouraging the institution of a suit by the owner in order to lay a predicate for condemnation by the corporation. It will be observed that in each of the adopting statutes, the adopted statute is referred to in words describing its general character. Article 6531 is a special provision of the statute, as contradistinguished from its general provisions, and in our opinion the authority therein given is to be confined exclusively to railroad corporations. There being an absence of a clear intention on the part of the Legislature to adopt the whole act, including the special provision, only those parts of it which are of a general nature will be incorporated. 36 Cyc. 1152 (v).

We recommend, therefore, that the judgments of the Court of Civil Appeals and of the district court be reversed, and the cause remanded to the district court, with instruction to dismiss, for want of jurisdiction, that part of the intervener's plea seeking condemnation.

PHILLIPS, C. J. We approve the judgment recommended in this case.