## LONE STAR GAS CO. v. KELLY et ux.

### No. 14285.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 20, 1942.

Walker, Smith & Shannon, of Fort Worth, and Thompson, Knight, Harris, Wright & Weisberg, Adair Rembert, and Sol Goodell, all of Dallas, for appellant.

W. P. McLean, Jr., McLean & Scott, and Glover C. Johnson, all of Fort Worth, for appellees.

SPEER, Justice.

Plaintiffs H. S. Kelly and wife sued defendant Lone Star Gas Company to recover damages sustained by Mrs. Kelly when a gas explosion occurred in the home, seriously injuring Mrs. Kelly.

It was alleged that the injuries sustained were proximately caused by the failure of defendant to odorize the gas furnished in the home, as provided by Article 6053a, Sect. 2, Vernon's Texas Civil Statutes, and

Rule 4 of the Railroad Commission of Texas thereunder.

The petition contains, in haec verba, the above cited statutory provision and Rule. No. 4 of the Railroad Commission is copied and made an exhibit thereto.

The defendant relied upon a general denial and specially that the order of the Railroad Commission designated as Rule No. 4, providing for how natural gas should be odorized, was void for uncertainty. Judgment was rendered for plaintiffs on a jury verdict and defendant has appealed.

When this appeal was submitted to us we, too, were inclined to the belief that the rule was void, and realizing the importance of the question involved, we certified to the Supreme Court a question which, when answered, would determine the point.

A more complete statement of this appeal, based upon our certificate, the question certified and the Supreme Court's answer, will be found in Lone Star Gas Co. v. Kelly et ux., Tex.Com.App., 165 S.W.2d 446, not yet published [in State reports]. It will be observed that from that opinion, the Rule of the Railroad Commission under consideration is void and it naturally follows that the only provision of law requiring odorizing of natural gas when furnished for domestic purposes was and is ineffective. The failure of defendant to comply with those provisions was the sole ground of alleged negligence relied upon by plaintiffs for recovery.

We pretermit a consideration of duties defendant may have owed to the public in furnishing natural gas, not alleged or relied upon by plaintiffs. It is evident that the alleged negligence relied upon for recovery was the failure of defendant to perform a duty allegedly imposed upon it by law, namely, to so odorize its gas as required by the rule promulgated by the Railroad Commission. That rule is void and therefore did not bind the defendant to perform a duty attempted to be imposed by it. The failure of defendant to perform an alleged duty which it did not owe will not be considered in law negligence and an act which is not negligence cannot proximately cause an injury for which a recovery can be had.

■ These fundamentally sound principles previously announced by our courts are summarized in 30 Tex.Jur. 649, § 3, which in part reads: "It is an elementary principle of law that negligence is a failure to observe a legal duty. * * * To constitute negligence at all there must be some violation of duty and the duty required is that of the wrongdoer to the very person claiming on the ground of negligence. It is further noted that the elements or factors involved are: (1) duty, (2) nonperformance thereof, and (3) injury. * * * A violation of duty which proximately results in loss or injury to another gives a right of action to such other for damages. On the other hand when no duty exists, no legal liability can arise on account of negligence."

■ As above indicated, plaintiffs' action is based solely upon the alleged failure of defendant to odorize its gas, as provided by the rule of the Railroad Commission, and that such failure was negligence and a proximate cause of their injuries. Since the law which attempted to enjoin a duty upon defendant is void, it was under no legal duty to obey it, and its failure to comply therewith was not negligence. In such circumstances it would be useless for us to remand the case for another trial. An instructed verdict for defendant should have been given by the trial court.

■ Under the provisions of Article 1856, R.C.S., applicable when this case was tried, and now embraced within Rule 434, Rules of Civil Procedure, where, as in this case, there is no necessity for the ascertainment of any matter of fact or further certainty as to damages assessed, it becomes our duty to render such judgment as the trial court should have rendered.

We therefore reverse the judgment of the trial court and render judgment that plaintiffs take nothing and that defendant recover its costs. It is so ordered. Reversed and rendered.