## WOOTEN et ux. v. MAIERHOFER.
### No. 11533.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 10, 1945.

Rehearing Denied Nov. 14, 1945.

Cox, Taylor & Smith, of McAllen, for appellants.

Chas. E. Thompson, of McAllen, for appellee.

Fred C. Goeth, William B. Weaver, and William P. Dobbins, all of San Antonio, amici curiae for Chester Bowles.

NORVELL, Justice.

The trial judge in his findings of fact states that:

"No essential facts are in dispute in this case: and the sole question raised is one of law; that is to say, as to whether the plaintiff (appellee) can recover as damages for wrongful detention of the premises in excess of the ceiling rental price therefor established by the O.P.A. for rental of the property in question."

The action is one of the trespass to try title. Appellee, Charles R. Maierhofer, sued to recover title and possession of Lot 2, Block 5, of North McAllen, Hidalgo County, Texas, from Major M. E. Wooten and wife, Ruth Wooten.

Appellee's allegations relative to damages were that: "Defendants have occupied and used said premises under such unlawful possession since the 3d day of January, 1945, and are indebted to plaintiff for the reasonable rental value thereof."

Major Wooten and wife filed a formal answer. The case was tried on February 12, 1945, at which time the Wootens failed to appear, and judgment nihil dicit was rendered against them for title and possession of the premises, and for $105 as damages.

The amount of damages assessed was based upon the testimony of Maierhofer to the effect that he had made an investi-

gation of rental values in McAllen, Texas, and that, based upon that investigation, he would say the premises had a reasonable cash rental value of "a minimum of $75.00 per month."

Major Wooten filed a motion to set aside this judgment, contending that he had been under a misapprehension as to the setting of the case, and that he had a meritorious defense to the action. The trial court overruled this motion and upon request filed findings of fact and conclusions of law.

The trial court found as follows:

"* * * Prior to September, 1944, the premises in question were being rented and occupied by Wooten and wife from month to month, subject to the ceiling price of thirty-seven and 50/100 ($37.50) dollars per month established by proper rental authorities of the O.P.A. having jurisdiction of the defense area wherein the rented premises were located. ` Plaintiff, Maierhofer, purchased the property with the intention of making the same his home, which purpose was known to the defendants, Wooten and wife; and soon after such purchase and during the month of September, 1944, the plaintiff, Maierhofer, made application in writing to the O.P.A. rental authorities for permission to terminate the lease and either re-enter or bring eviction proceedings. Said rental authorities ordered such rental contract extended for ninety (90) days beyond October 1, 1944, and granted to plaintiff leave to dispossess the defendants by proper proceedings at the end of such ninety (90) days period; and notice of such decision was given in writing by such authority to defendants and to plaintiff.

"During such ninety-day grace period, plaintiff bowed to the rental authorities' decree and accepted rentals from the defendant for such period and immediately upon the expiration thereof demanded possession by written demand and expressly refused to recognize the defendants as tenants, * * *.

"On the 27th day of February (1945), and before motion for new trial was heard, defendants vacated the premises, yielding them up to the plaintiff after having detained them for all of the month of January and twenty-seven (27) days of February. The motion for new trial came on to be heard on March 3, 1945, at which time the title and possession had become moot, and the only matter remaining in controversy

was that of the amount of damages; and the attack made by the defendants upon the judgment of the court was not by reason of the inadequacy of the evidence to show general damage in an amount in excess of a ceiling price fixed for rental for the property, but constituted an attack in law; in that it was contended that in no event could the damages for wrongful detention of property in a defense area wherein the ceiling price was established by the O.P.A. rental authorities ever exceed the amount of such ceiling rental price.

"The court deems the misunderstanding with reference to the setting of the case as warranting the granting of a new trial, provided the motion and movant showed a meritorious defense; * * *"

The trial court concluded as a matter of law that:

"The measure of damages for wrongful detention of premises in a defense area wherein the O.P.A. has established ceiling rental prices and where premises have been wrongfully detained after the termination of the rental contract by order of and by permission of such rental authorities is not limited to the ceiling prices for the rental of such property while the same is being rented under control of such authorities; the measure of such damages is the same as if said property had never been under such rental control, that is to say, the measure of damages which the party entitled to the possession of such premises has actually suffered by reason of such wrongful detention.

"So long as property is rented under contract controlled by the O.P.A. rental authorities in defense areas the only charge for possession by the tenant is the ceiling price established by such rental authority; but when, as in this case, under one of the recognized exceptions permitting the property to be withdrawn from the rental market (that is in the event of purchase of the property for one's own use) and with permission of such rental authorities to terminate the relationship of landlord and tenant under such terms and conditions as such rental authority may fix (as in this case after the ninety-day period of grace) then and there after the detention of the premises by the former tenant are no longer protected by the ceiling rental price; and he holds the same at his peril; and he must respond in damages to be measured by the usual standards; and the ceiling

rental price no longer shields him; and the party entitled to the premises may recover his actual damages occasioned by such wrongful detention."

■ We do not agree with the trial court's conclusions of law. Appellee did not allege or prove special damages. He sought only the recovery of a sum of money as damages equal to the "rental value" of the premises for the period of time the same were occupied by appellant. In the case of Galveston Wharf Co. v. Gulf, Colorado and Sante Fe Railway Company, 72 Tex. 454, 10 S.W. 537, 539, it appeared that the railway company, probably as the result of a mistake, had made use of certain lands belonging to the Wharf Company. The Supreme Court, in an opinion by Judge Gaines, held that the railway company was a trespasser upon the property and, in speaking of the measure of damages, said: "It seems to us the proper measure of plaintiff's damages was what the plaintiff could have leased it for if the defendant had not inadvertently occupied it. * * *."

If we apply the rule that the rental value of property is what it will bring when rented, then the O.P.A. ceiling fixes the maximum rental value of the property. No attack is made here upon the constitutionality of the rent regulations and ceilings established for the locality in which the property is situated. Rental values in localities subject to governmental restrictions and regulations may be determined by considerations viewed as artificial. These conditions, however, are actual and not hypothetical and are consequently controlling.

We do not regard appellee's intention to occupy the premises himself as being material as such intention can not affect the "rental value." By his pleadings appellee chooses to measure his damages by the amount of money the property would bring if rented. This amount is the same, regardless of whether appellee intends to actually rent the premises or not. It is clear that the property if rented would be subject to the market as controlled by O.P.A. rent regulations.

■ Article 7389, Vernon's Ann.Civ. Stats., which relates to the recovery of damages in a trespass to try title action for the use and occupation of premises, does not provide for the assessment of a penalty against one who wrongfully withholds property from the lawful owner. Consequently, we are not called upon to decide whether or not, under the facts of this case, the regulations of the Office of Price Administration would prevent the recovery of a penalty fixed by the State law for wrongful withholding of premises. We do not base our holding upon the reasoning employed by the court in Ricci v. Clair, 21 N.J. Misc. 266, 33 A.2d 591, but, rather, upon the proposition that the "rental value" of property can not exceed the amount for which the property can be lawfully rented.

■ Appellee's contention that this Court does not have jurisdiction of this appeal is fully answered by the case of Thurber & Company v. Conners, 57 Tex. 96.

■■ Upon the hearing of the motion for new trial the facts were fully developed, and as the trial court found that the misunderstanding with reference to the setting of the case would have warranted the granting of a new trial, an order should have been entered modifying the judgment theretofore rendered by reducing the amount of money judgment rendered against M. E. Wooten. Perkins v. Lightfoot, Tex.Civ. App., 10 S.W.2d 1030. As the motion was heard on March 3, 1945, appellee was entitled to recover damages for the detention of the property from January 3, 1945 (the date of the beginning of the withholding period as set forth in the petition), until February 27, 1945 (the date Wooten actually vacated the premises).

■ It is our duty to render such judgment as the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure, 3 Tex.Jur. 1161, § 817. That part of the trial court's judgment awarding to Charles R. Maierhofer the title and possession of Lot 2, Block 5, of North McAllen, Hidalgo County, Texas, as against M. E. Wooten and Ruth Wooten is affirmed. That part of the judgment awarding to Charles R. Maierhofer a judgment for $105 and interest against M. E. Wooten is modified and reformed so as to provide that Charles R. Maierhofer do have and recover of and from M. E. Wooten the sum of $71.25, together with interest thereon from March 3, 1945, until paid, at the rate of six per cent per annum.

As reformed, the judgment of the trial court is affirmed. Costs of appeal are taxed against appellee.

Judgment reformed and as reformed, affirmed.