**G. H. NAGEL, Appellant,**

v.

**TEXAS PIPE LINE COMPANY, Appellee.**

No. 3738.

Court of Civil Appeals of Texas.

Waco.

May 19, 1960.

P. Harvey, Houston, for appellant.

Hiram A. Warner, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment. Parties will be referred to as in the Trial Court. Plaintiff Nagel filed a trespass to try title suit against defendant, The Texas Pipe Line Company in 1955, alleging that plaintiff was owner of Lot 11, Block 6 of the Acre Homes Addition as recorded in the County Clerk's Office of Harris County, Texas. Plaintiff further alleged that defendant pipe line company built its pipe line across such lot on 1 January, 1955 without plaintiff's consent (and without prior condemnation). Plaintiff prayed for judgment for title and possession of the land, rents and general and special, legal and equitable relief. In 1959

and subsequent to the filing of plaintiff's suit, defendant filed condemnation proceedings in Harris County to condemn a right-of-way easement for defendant's pipe line through plaintiff's property, and on 8 May, 1959 was awarded such easement. Defendant, by amended answer, set up the foregoing and prayed that plaintiff take nothing except title and possession of lot 11 (subject to defendant's pipe line easement).

Thereafter, on 2 October, 1959, defendant pipe line company filed motion for summary judgment that title be awarded plaintiff subject to its pipe line easement, and that plaintiff be denied recovery for rents. On 19 October, 1959, plaintiff filed motion for summary judgment for title and possession of the property, and for rents in the total sum of $3,096.

The Trial Court, after hearing, denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment; and entered judgment that plaintiff have and recover title and possession of lot 11, subject to defendant's pipe line easement (obtained in May, 1959), and denied plaintiff all recovery for rents.

Plaintiff Nagel appeals, contending that the Trial Court erred in not awarding him title to the 16-inch pipe defendant placed across lot 11; and further erred in denying plaintiff recovery for rents.

■ In a summary judgment hearing the movant has the burden to prove clearly his right to summary judgment, and that there is no issuable fact in the case for determination. Tigner v. First Nat. Bank, 153 Tex. 69, 264 S.W.2d 85.

Our Supreme Court in Guibenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, in discussing this rule, says:

"The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. * * * 'The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; *not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.*' The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. * * * (The Court) *accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position.*'"

In the case at bar the pipe line company put its pipe line across plaintiff Nagel's land. Plaintiff instituted a trespass to try title suit for his land, with an additional count for rents. After such suit was filed, the pipe line condemned an easement for its pipe line. The Trial Court sustained the pipe line company's motion for summary judgment, decreeing title to the land in plaintiff Nagel (subject to the pipe line's easement), and denied plaintiff any recovery for rents for the period of time during which defendant pipe line company had no easement.

■■ Plaintiff in his points on appeal contends the Trial Court erred in not decreeing him title to the pipe which had been put across his land. In this connection plaintiff contends the pipe became affixed to the realty. We overrule this contention. Ordinarily, whatever a trespasser annexes to the land of another becomes the property of the owner of the land. There is, however, an exception to this rule. Where *one with the right of condemnation*, without consent of the owner or the condemnation, affixes improvements to the realty, the owner is not en-

titled to compensation for the improvements.

The landowner, upon subsequent condemnation, is only entitled to compensation for his land, together with the reasonable rental value of the land for the period such improvements were thereon without benefit of the condemnation. Preston v. Sabine & E. T. Ry. Co., 70 Tex. 325, 7 S.W. 825; City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 479.

Plaintiff further contends that the Trial Court erred in denying him judgment for rents by summary judgment. Defendant pipe line company asserts that plaintiff prayed for rents due under an alleged contract which it says was never assented to by it, and that the Trial Court's denial of rents by summary judgment was correct. The record reflects that the pipe line was across plaintiff's property without plaintiff's consent and without benefit of condemnation. Plaintiff wrote the pipe line company that he was charging it $30 per month rent until they leased or legally acquired the property. While it is true that defendant pipe line company never assented to pay such $30 per month rent, they did not move their pipe line, and did not condemn the property until 1959. We think denial of plaintiff's rent count by summary judgment unjust and erroneous. Plaintiff was entitled to prove a contract for rents if he could, and in the alternative, receive a reasonable rental for the use of his property, under his prayer for general and special relief, legal and equitable.

The judgment of the Trial Court is affirmed, in so far as it decreed plaintiff title and possession of Lot 11, subject to defendant pipe line company's easement; and is reversed and remanded for a determination of what, if any, rents plaintiff may be entitled to.

All costs are adjudged against defendant, The Texas Pipe Line Company.

Affirmed in part.

Reversed and remanded in part.