**G. H. NAGEL, Appellant,**

v.

**TEXAS PIPE LINE COMPANY,**
**Appellee.**

**No. 3850.**

Court of Civil Appeals of Texas.

Waco.

May 25, 1961.

P. Harvey, Houston, for appellant.

Lawrence Jack Moore, Hiram A. Warner, Jr., Houston, for appellee.

WILSON, Justice.

The factual background of this case is fully stated in our opinion in Nagel v. Texas Pipe Line Co., Tex.Civ.App., 336 S.W.2d 265. We there remanded the cause on the ground appellant "was entitled to prove a contract for rents if he could, and in the alternative, a reasonable rental value for the use of his property." This appeal is from judgment in a non-jury trial denying recovery of rents. The judgment recites that appellant, in open court, waived his claim for reasonable rental for use of the property, and announced "he was seeking to recover solely on his claim of a contract for rents at the rate of $30 per month." He offered no evidence as to reasonable rental value.

The court found that there was no contract for rents at the rate of $30 per month. No other findings or conclusions were requested or filed. Appellant says the court erred in making the recited finding, and it is against the overwhelming preponderance of the evidence.

Shortly after appellant acquired the land on which appellee's pipe line is located, and while negotiations for sale of the land to appellee were in progress, his attorney conversed with an attorney for appellee, but he recalls no agreement on appellee's part to pay rent at $30 per month. The attorney testified that, as far as he personally knew, there was never any such agreement made. Appellee's general attorney testified "the subject never came up" in conversation with appellant or his attorney. Appellant did write appellee a letter stating, "this is to advise you that the rent from month to month" is $30, to which appellee replied "that there wasn't any rental agreement." Appellant testified that while he was negotiating with appellee's attorney for sale of his land, the attorney asked him, " 'What will you take rent?' And I told him, 'Well, I will give it to you for $30 a month.' And the lawyer said, 'That's very reasonable; will you put that in writing and send it to us?' And I said, 'I sure will'." He also testified appellee had never paid him any rent, and "they agreed to pay me $30 a month," and that appellee's attorney "always said he would pay me; the rent, he never did deny that. They always said they were going to pay it." Appellee's evidence was that company policy was "they don't rent", but acquire fee or right-of-way; and there was no agreement to pay rental.

Appellant's letter to appellee did not establish a contract. Galveston Wharf Co. v. Gulf, C. & S. F. Ry. Co., 72 Tex. 454, 10 S.W. 537. The evidence made a question of fact and supports the finding and judgment.

Affirmed.