Alex R. TANDY, Petitioner,

v.

Calvin GUEST, Chairman, Executive Committee, Democratic Party of Texas et al., Respondents.

No. 17807.

Court of Civil Appeals of Texas, Fort Worth.

July 15, 1976.

Bill W. McCoy, Odessa, for petitioner Alex R. Tandy.

John R. Creighton and David Cleveland, Mineral Wells, for respondent Tom Creighton.

Joseph Connally, Odessa, for respondent Calvin Guest.

## OPINION

PER CURIAM.

This is an original proceeding by which petitioner Alex R. Tandy sought mandamus to compel Calvin Guest, Chairman of the Executive Committee of the Democratic Party of Texas, to direct and conduct a recount of all the votes cast in the contested May 1, 1976, race between petitioner and Tom Creighton for nomination by the Democratic Party of Texas for the position of State Senator, 22nd Senatorial District. V.A.T.S. Election Code, art. 9.38a, "Recount of paper ballots". Mr. Tandy's application for a recount, filed with Mr. Guest, had been denied.

Ancillary to and conditioned upon the petition for mandamus, Tandy sought writs of temporary injunction restraining each of the County Clerks in the counties comprising the 22nd Senatorial District from destroying the ballots in their custody pending completion of the procedure of recount.

Upon hearing held July 12, 1976, with the court's ruling and decision announced in open court that day, the petition for mandamus was denied; the petition for writs of temporary injunction were also denied.

Our denial of the petition for mandamus was predicated upon the want or failure of any official notice to Mr. Creighton of the

Tandy application for a recount. Except as applied to the matter of want or failure of notice to Mr. Creighton there is no dispute in the evidence and the facts and circumstances stand as proved; as applied to the matter of notice to Mr. Creighton, if the necessity has arisen by reason of the nature of the proof, we find as the matter of fact that there was not the official notice necessary for entitlement to relief.

■■■ A statute directing the manner of serving notice affecting property rights must be strictly complied with. *Realty Trust Co. v. Lindsey*, 129 Tex. 516, 105 S.W.2d 210 (1937); 41 Tex.Jur.2d, p. 526, "Notice", Sec. 8, "Statutory notice". On and prior to Mr. Tandy's application for recount, as the result of the report of the canvassing board (the province of Mr. Guest) that the race between him and Mr. Creighton had been won by the latter, Mr. Creighton stood vested with a property right, to wit: the right to be placed on the ballot at the general election of November, 1976, as the candidate of the Democratic Party of Texas for State Senator, District 22.

■■■ We do not predicate the denial of the petition for mandamus on the failure of Mr. Tandy to include as part of his application for a recount the name and address of the presiding judge of each election precinct (Precinct Chairman in the present instance). The application for recount was for all the ballots cast, not any certain portion thereof, and was obviously related merely to the possibility of clerical error because there was less than a five per cent (5%) differential in the number of votes received by the two opposing candidates. Under these circumstances a statutory provision requiring these names and addresses would be vain as devoid of any real value or importance. Even were it not vain, nevertheless a requirement that an applicant for total recount in the seventeen counties comprising the 22nd Senatorial District of Texas file such a list in the limited time applicable to this case would, by reason of the circumstances, constitute an arbitrary and unreasonable provision with respect to

time; indeed a nearly impossible thing for Mr. Tandy to accomplish. *United States v. Kirby*, 7 Wall. 482, 19 L.Ed. 278; *Lau Ow Bew v. United States*, 144 U.S. 47, 23 S.Ct. 517, 36 L.Ed. 340 (1892); *Lone Star Gas Co. v. Kelly*, 140 Tex. 15, 165 S.W.2d 446 (1942), in answer to certified question, conformed to at 166 S.W.2d 191; *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943 (1956).

Under Art. 9.38a, by Subdivision 7, "Procedure for ordering recount", the duty is imposed upon one in the position of Mr. Guest to conduct a recount "Where a candidate has complied with all conditions for obtaining a recount . . . ." Also therein are provisions relative to notice to "each opposing candidate."

■■■ It is obvious that one in the position of Mr. Guest would not necessarily know whether the applicant for a recount had satisfied the provisions found elsewhere under the article relative to the applicant's service of notice upon an opposing candidate. He would be entitled so to assume, but not compelled to treat the application as one of which the opposing candidate had been officially notified. Should he so desire he would be free to make the investigation necessary to ascertain the matter of compliance. In a case such as this we would be obliged, in the event it should otherwise appear that the duty was incumbent upon Mr. Guest to order the recount of ballots, to consider that he had made the investigation and had refused to order the recount because of want or failure of service upon Mr. Creighton—if that be exhibited as the fact.

Under Art. 9.38a, by Subdivision 2, "Procedure for requesting recount; general provisions", is subsection (b), which reads as follows: "In addition to other requirements stated in this section, each application must show the name and address of each opposing candidate, and the name and address of the presiding judge of each election precinct for which a recount is requested. On the same day that a candidate delivers or mails his application to the presiding officer of the canvassing board, he must deliver in person or mail by certified or registered mail, with return receipt requested, a copy

of the application and any supporting papers to each opposing candidate at the election."

Mr. Tandy's application for recount, of all the ballots cast, which had been filed on May 13, 1976, with Calvin Guest was denied. Reasons for denying the request were "There was apparently no attempt to fulfill the requirements of Section (b) of Subdivision 2."

Thereafter ensued a six weeks' delay before Mr. Tandy came into this Court with his original proceeding seeking a writ of mandamus to compel Mr. Guest to conduct a recount. The public interest being involved, we have disregarded this delay.

Since Mr. Creighton possessed a property right subject to prejudice by Mr. Tandy's application for recount, the paramount concern of the court is the question of sufficiency of notice.

It is undisputed that the Tandy application of May 13, 1976, did not show the name and address of his opponent. Standing alone this might have been sufficient to justify Mr. Guest's refusal to order recount, but we are not compelled to determine our action by this insufficiency, there having been want of that statutory notice to Mr. Creighton provided by Subdivision 2(b).

Mr. Tandy's application for recount was both sworn to and delivered by him to Mr. Guest on May 13, 1976. In the proof by way of affidavits before the court upon the July 12, 1976, hearing Mr. Creighton swore that he did not receive a copy of the Tandy May 13, 1976, application either by hand delivery or by mail. This was not controverted.

Mr. Tandy presented to the court a xerox copy of a receipt for certified mail by the Dallas office of the United States Postal Service dated May 11, 1976. It is indicated thereby (though there was objection that it was not evidence of anything, let alone the "best evidence") that something had been posted in that office at that time for mailing to "Tom Creighton, Mineral Wells, Texas". Nothing by way of proof related to the contents of whatever it was

that was mailed on May 11th. Only by hearsay evidence, inadequate for the purpose, was it shown that the mailing was by one of the supporters of Mr. Tandy in his race for the nomination for State Senator. The inference was that the certified mail contained a copy of the application filed by Mr. Tandy on May 13th. Of course it could not have been such a copy for the application dated and filed on May 13th did not exist as such, even undelivered, until Mr. Tandy signed and swore to it before a notary on that date. Whatever it is that was mailed on May 11th it could not be a copy of the application of Mr. Tandy which was filed with Mr. Guest on May 13. Furthermore there was no proof, even as applied to whatever was mailed on May 11th, that there was any request for the "return receipt" provided by Subdivision 2(b) of Art. 9.38a of the Election Code.

There was no evidence of compliance by Mr. Tandy relative to notice to Mr. Creighton of his application of May 13th. If the issue were raised we find as a matter of fact that there was not delivery of notice. For want of compliance with the law relative to notice Mr. Tandy never became entitled to demand performance of any duty by Mr. Guest.

The petition for writ of mandamus was for the above reasons denied on July 12, 1976.