[No. 6183. Decided June 5, 1906.]

LEVIN CARLSON *et al., Appellants,* v. J. C. CURRAN *et al.,*
*Respondents.*[1]

LANDLORD AND TENANT—EXISTENCE OF RELATION—EFFECT OF JUDG‐
MENTS IN EJECTMENT—ESTOPPEL. The existence of the relation of
landlord and tenant is not established where the complaint in eject‐
ment suits, brought by the holders of a tax deed, against tenants of
the former owner, did not recognize the relation of landlord and
tenant and the answer denied such relation, although such suits were
erroneously dismissed for want of sufficient notice to pay rent or sur‐
render the premises; and the tenants are not estopped, in a subse‐
quent action of unlawful detainer, to deny that they were tenants
of the holders of the tax deed; nor does an unaccepted offer to pay
rent establish the relation.

JUDGMENTS — RES ADJUDICATA — MATTERS NOT CONCLUDED. An
adjudication that tenants of a former owner are entitled to a notice
or demand before suit in ejectment by the holders of a tax title, is
not an adjudication that the relation of landlord and tenant existed
between the parties.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered December 9, 1905, upon findings in favor of the defendants after a trial on the merits before the court without a jury, dismissing an action of forcible entry and detainer. Affirmed.

*Boyle & Warburton,* for appellants.

*J. W. A. Nichols* and *T. W. Hammond,* for respondents.

RUDKIN, J.—On the first day of December, 1890, Charles Meuhlenbruch and wife were the owners of the premises in

1Reported in 85 Pac. 627.

controversy in this action, and on that date leased a portion thereof to the defendant, J. C. Curran for the purpose of erecting certain buildings thereon, which the lessee was authorized to remove on the expiration or termination of the lease. On the 31st day of August, 1901, the plaintiff Inga Carlson obtained a tax deed for the premises from the county treasurer of Pierce county, and on the same day served a written notice on the defendant J. C. Curran to the effect that she was the owner of the premises, and that after the first day of September, 1901, the rental for the use of the premises must be paid to her in advance. Some time after this the plaintiffs brought an action of ejectment against the defendants to recover possession of the premises and for damages. The complaint was in the usual form in such cases.

The answer was a general denial, accompanied by an affirmative defense that the defendants were in possession under the lease from the Meuhlenbruchs, and that they had paid the Meuhlenbruchs or their agents the rental agreed upon, except the sum of $4 due September 1, 1901, which sum they had tendered and were ready and willing to pay. To whom this tender was made does not appear, but it was presumably to the plaintiffs as no reason is suggested why the Meuhlenbruchs should refuse to accept it. A judgment of dismissal in this action was rendered on December 16, 1901, but for some reason the judgment was not signed or entered until February 4, 1903.

Soon after this the plaintiffs commenced a second action in ejectment against the same defendants to recover the same premises. The complaint in the second action differed from the complaint in the first action only in the fact that the plaintiffs set forth the source of their title and pleaded facts tending to show that the title to the buildings claimed and occupied by the defendants passed to the plaintiffs by virtue of the tax deed. The prayer of the complaint was that the plaintiffs be decreed the owners of the property together with the improvements thereon, and that they have judgment for

possession and for damages. The answer in the second case was in effect a denial of the allegations of the complaint, accompanied by substantially the same affirmative defense as in the former action, and a plea of *res adjudicata* by reason of the former judgment. The court sustained the plea of *res adjudicata* and on the 29th day of June, 1903, entered a judgment of dismissal.

On the 30th day of October, 1905, the present action was brought under the forcible entry and detainer statute. The complaint set forth the title of the plaintiffs, the lease from the Meuhlenbruchs to the defendants, the issuance of the delinquency certificate, the tax foreclosure and sale, and the tax deed to the plaintiffs, the former ejectment proceedings, the answer of the defendants therein and their testimony given on the trial thereof, the service of a notice to pay rent or surrender possession, and a refusal to comply therewith. It is unnecessary to set forth in detail the allegations of the answer. The action was tried by the court without a jury, the court found that the relation of landlord and tenant did not exist between the parties and entered a judgment of dismissal. From this judgment the plaintiffs have appealed.

The appellants concede that the judgment must be affirmed, unless the relation of landlord and tenant existed between the parties, and this presents the only question for our consideration. The relation of landlord and tenant did not arise by reason of the tax sale, as the appellants acquired their title, if any, from an independent source, and took the property free from any contracts or obligations of the former owners. The appellants have contended throughout this litigation that the lease by the former owners did not concern them and that they were not bound thereby. This contention is, no doubt, sound in law, and the appellants do not take any different position on this appeal, but they earnestly insist that the respondents are estopped to deny that the relation of landlord and tenant does in fact exist by reason of the

issues tendered, the testimony given, and the judgments rendered in the ejectment suits.

From a careful examination of the record, which is very brief, we fail to see wherein the respondents have taken inconsistent positions in the course of this protracted litigation, or why they should now be estopped to deny that they are tenants of the appellants. In their answer to the complaint in the first ejectment suit they set forth the relation existing between themselves and the former owners, their payment of rent to the former owners, except the sum of $4 and their readiness to pay the balance. There was no intimation in the answer that they were tenants of the holder of the tax title by contract, by operation of law or otherwise. In fact they denied her title and claim to the property *in toto*. Nor did the offer to pay rent create the relation. The offer was never accepted, and under the circumstances must be construed as an offer to pay whomsoever the court should adjudge entitled thereto. The complaint in the first action did not recognize the relationship of landlord and tenant, and the complaint in the second action repudiated any such relationship by averring that the respondents offered to pay $4 per month rental while the appellants insisted upon the payment of $10. There was therefore nothing in the pleadings or testimony to show or even intimate that the relation of landlord and tenant existed between the respondents and the appellants here or was relied upon as a defense.

The appellants contend, however, that the court dismissed the first ejectment suit because the statutory notice required by law in actions between landlord and tenant was not given. There were no findings of fact and the order of dismissal was general in its terms, assigning no reason therefor. This action was tried about four years after the first ejectment suit and the attorneys for the parties differ as to the reasons assigned by the court for its decision. According to the recollection of the attorney for the plaintiffs, on the first trial the court ruled that the owners of the buildings were not made parties

to the tax foreclosure, that the title to the buildings did not pass by the tax deed, and that the defendants were entitled to notice to quit before an action could be maintained against them. What kind of a notice the attorney does not state and perhaps the court itself did not indicate. According to the recollection of the attorney for the defendants, on the other hand, the action was dismissed because no demand for restitution was made before suit. Counsel differ therefore only as to the form of the demand or notice which the court deemed necessary. The appellants' counsel now contend that the demand referred to by the court was a written notice required in actions between landlord and tenant, whereas counsel for respondents contend that it was a simple demand for possession.

We do not consider this difference of opinion between the attorneys material, as neither view would sustain the appellants' contention. As we have stated there was not even a suggestion in the record that the relation of landlord and tenant existed between the appellants and respondents, and the only reasonable view we can take of the court's conclusion is that it was of opinion that inasmuch as the original possession of respondents was lawful a demand for restitution must precede a suit against them. But whatever the view of the court may have been, its conclusion that the respondents were entitled to a notice or demand of some kind before suit fell far short of an adjudication that the relation of landlord and tenant existed between the parties. Nor would the offer to pay rent establish the relationship. The offer was never accepted, and as stated above, we do not think it could properly be construed as anything more than an offer to pay the appellants, should the court adjudge them entitled thereto.

The respondents on the other hand contend that whatever may have been the view of the court on the trial of the first ejectment suit, or the reasons given for the judgment of dismissal, the second judgment establishes the fact for all time that the former judgment was final and conclusive as between

the parties.   The appellants contend that the second judgment decided that the first judgment was final to the extent that no action would lie until after notice was given, but nothing more.   Inasmuch as the title to the property is not involved and cannot be tried in this action, we will not determine the force or effect of either of these judgments further than to hold that they did not establish the relation of landlord and tenant between the parties now before the court. The appellants have made three unsuccessful attempts to establish their right to the property in controversy and each time have failed of a hearing on the merits.   For this reason we have endeavored to find some way to afford them relief consistent with the established rules of law.   But while the first judgment against them was clearly erroneous, as the relation of landlord and tenant did not exist, and no notice or demand is necessary in such cases before suit (*Lewiston Water & Power Co. v. Brown, ante* p. 555, 85 Pac. 47), and while the second judgment was erroneous, if it determined anything beyond the fact that the first judgment was *res adjudicata* until notice was given or a demand made, yet these judgments are not before us for review, and we are constrained to hold that the judgment appealed from is free from error, and the same is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.