## M. G. BUCHANAN v. J. A. WILBURN.

### Decided April 2, 1910.

**1.—Public Land—Void Lease—Improvements in Good Faith.**

A lessee of public land from the State, who, under advice from the Land Commissioner that the lease was lawful, in good faith places permanent and valuable improvements on the land during the term of the lease, is entitled to recover the value of such improvements in a suit of trespass to try title by said lessee against a subsequent purchaser of the land from the State, even though the lease be adjudged void.

**2.—Same—Measure of Damages.**

The measure of damages for the loss of permanent improvements placed upon land leased from the State would be the amount the value of the land

was enhanced by the use of said improvements during the unexpired period of the lease.

### 3.—Same—Rent Pending Suit.

One who purchases land from the State is entitled to recover its rental value from one who unlawfully deprives him of its use pending litigation for possession.

### 4.—Rental Value—Evidence.

Certain witnesses having testified to the number of cattle a tract of land would pasture, and other witnesses having testified that the rental value of the land was a certain sum per head for all cattle it would pasture, the two together gave a definite rental value to the land.

### 5.—Public Land—Lessee—Removal of Improvements.

Claims for improvements made in good faith upon the land of another are allowed on principles of equity; therefore when the lessee of public land shows a good excuse for failure to remove his improvements within the sixty days allowed by statute (Sayles' Stats., art. 4218-s), and the same are appropriated by a purchaser of the land, the purchaser should be required to account for the value of such improvements.

Appeal from the District Court of Ector County. Tried below before Hon. S. J. Isaacks.

*Caldwell & Whitaker,* for appellant.—The fact that the M. G. Buchanan lease No. 31919 was a void lease did not alter the right of defendant to recover permanent and valuable improvements erected on plaintiff's lands while defendant was in possession of said land in good faith and while his right to said lands under said lease was recognized by the State acting through her Commissioner of the General Land Office. Williams v. Finley, 99 Texas, 468; Gaither v. Hanrick, 69 Texas, 92; Sellman v. Lee, 55 Texas, 322; Sartain v. Hamilton, 12 Texas, 220; French v. Grenet, 57 Texas, 274; House v. Stone, 64 Texas, 678; Long v. Cude, 75 Texas, 225; Van Zandt v. Brantley, 16 Texas Civ. App., 420; Wood v. Cahill, 21 Texas Civ. App., 38; Saunders v. Wilson, 19 Texas, 197; 22 Cyc., 11, 12.

Where a tenant in good faith takes possession of land under a void contract, he is entitled to recover the value of the permanent improvements which he has erected upon said land without a knowledge of the defect in his lease. Findley v. Wilson, 14 Am. Dec., 72; Poole v. Johnson, 101 S. W., 955; State v. Baxter, 8 S. W., 189; Forbus v. Watkins, 62 S. W., 37; Beatty v. Gregory, 17 Iowa, 109; Bush v. Sullivan, 54 Am. Dec., 506.

On recovery of lands which are wild, and would have been unproductive but for the improvements made thereon in good faith by the defendant, the plaintiff is not entitled to recover rents. Benson v. Cahill, 37 S. W., 1088; Cahill v. Benson, 19 Texas Civ. App., 30; Bitner v. New York & Texas L. Co., 67 Texas, 341; Lumpkin v. Nicholson, 10 Texas Civ. App., 108; Mahon v. Barnett, 45 S. W., 24.

*E. C. Canon* and *Hefner & Hudson,* for appellee.—A trespasser upon the lands of another can not recover for improvements. Henderson v. Ownby, 56 Texas, 647; Walker v. Simkins, 2 App. Civ. Cases, sec. 69;

Houston, E. & W. T. Ry. Co. v. Adams, 63 Texas, 209; Crumbley v. Busse, 11 Texas Civ. App., 319.

A defendant who puts improvements on public land is not entitled to compensation for them from a plaintiff who subsequently acquired title from the State. Moseley v. Lee, 37 Texas, 479; Finks v. Cox, 30 S. W., 512.

A trespasser upon lands of another can not set up improvements in offset of damages for such trespass. Walker v. Simkins, 2 App. Civ. Cases, sec. 69; Brown v. Bedinger, 72 Texas, 248; Hillman v. Baumbach, 21 Texas, 205.

Improvements placed by lessee upon public free school land belong to the State unless removed within the statutory period. When such land is sold the purchaser takes improvements. Moseley v. Lee, 37 Texas, 479; Finks v. Cox, 30 S. W., 512.

DUNKLIN, ASSOCIATE JUSTICE.—In the year 1900 M. G. Buchanan purchased from E. D. Harrington a lease on four sections of public school land in Crane County. On the 31st of October, 1900, Buchanan surrendered that lease and obtained from the Commissioner of the General Land Office of the State another lease on the same land for a period of ten years. On the 22d of July, 1907, the land was purchased from the State by J. A. Wilburn. On the same date Buchanan instituted suit against Wilburn in trespass to try title to recover the land. That suit was decided in Wilburn's favor both in the trial court and in this court, and a writ of error was denied by the Supreme Court on October 14, 1908. Pending that suit Buchanan procured the issuance of a writ of sequestration which was levied on the land, and, Wilburn having replevied it, an injunction was granted to Buchanan by the judge of the trial court restraining Wilburn from interfering with Buchanan's possession of the land during the pendency of the suit. By virtue of a mandate issued from this court December 21, 1908, Wilburn was placed in possession of the land.

The suit now before us was instituted by Wilburn to recover the rental value of the land pending the aforesaid litigation. By plea in reconvention Buchanan sought to recover of Wilburn the value of certain improvements placed upon the land by the former and taken by the latter when he was placed in possession of the land, some of which improvements were permanent and some movable improvements. The suit was tried by the court without a jury, and findings of fact and conclusions of law were filed. Judgment was rendered allowing Wilburn three hundred and thirty-six dollars and eighty-five cents as the rental value of the land during the time he was wrongfully deprived of its use, and also allowing Buchanan two hundred and forty-seven dollars for the movable improvements which he placed on the land and which were appropriated by Wilburn.

An exception was sustained to Buchanan's claim for the value of the permanent improvements which he alleged he placed upon the land during the lease issued to him by the Land Commissioner October 31, 1900. In the former suit between the parties, and above noted, this court held that lease void. In his plea in reconvention Buchanan alleged that he was advised by the Land Commissioner that he had

lawful authority to issue the lease; that in good faith he believed the same to be a valid lease, and, relying upon that belief, he erected on the land the permanent improvements for which he sought a recovery. We think the court erred in sustaining Wilburn's exception to the plea; however, the extent of Buchanan's recovery for the permanent improvements would be the amount the value of the land was enhanced by the use of those improvements during the unexpired period of the lease. Williams v. Finley, 99 Texas, 468; House v. Stone, 64 Texas, 677; Sellman v. Lee, 55 Texas, 322; French v. Grenett, 57 Texas, 274.

There was no error in allowing Wilburn the rental value of the land from the date of his purchase until the date he was placed in possession thereof upon the termination of the litigation over the title to the property. Subject to Buchanan's equitable claim for permanent improvements, Wilburn was entitled to possession of the land as soon as he bought it from the State, and the undisputed evidence showed that in that condition it had a definite rental value. George Hogg, witness for plaintiff, testified over defendant's objection that the rental value of the land was twenty-five cents per head for all the cattle it would pasture. There was no error in the admission of this testimony, as other witnesses testified to the number of cattle for which the land would furnish pasture.

The rulings of the court in allowing Buchanan the value of the movable improvements which he had placed on the land, and in admitting testimony over appellee's objection to prove their value, are challenged by cross-assignments of error presented by Wilburn. Buchanan's application for writ of error from the decision of this court in the former suit was denied on October 14, 1909, more than sixty days prior to the issuance of the mandate of this court. Sayles' Texas Civil Statutes, article 4218s, provides that a lessee of public school land shall have the right, for sixty days from the date of termination of his lease, to remove all improvements he shall have placed upon the leased premises. The issuance of the mandate from this court was delayed by reason of the pendency of a motion for rehearing in the Supreme Court. Appellee insists that there is no law permitting a motion for rehearing in the Supreme Court when an application for writ of error is denied by that court, citing Hines v. Morse, 92 Texas, 194; that the judgment became final on the 14th day of October, 1908, and that, as the land was the property of the State at the time the improvements were placed thereon, and appellant did not demand of appellee the right to remove them within sixty days from and after October 14, 1908, he should not recover their value. The statute does not prohibit the removal of the improvements after the sixty days' period above mentioned. Claims for improvements in good faith are allowed on principles of equity, and if appellant brought himself within that rule, and has shown a reasonable excuse for not sooner demanding the right to remove the improvements which he placed upon the land, we can perceive no valid reason for holding that he has forfeited his claim and that appellee should thus enjoy the fruits of appellant's labors without paying any consideration therefor. Accord-

ingly, appellee's cross-assignments are overruled. Williams v. Finley, *supra.*

For the error in sustaining appellee's exception to appellant's claim for permanent improvements placed on the land under the lease of date October 31, 1900, the judgment of the trial court is reversed and the cause remanded for another trial.

*Reversed and remanded.*