**WOOTTON v. BISHOP et al. (No. 2255.)***

(Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1923. Rehearing Denied Jan. 23, 1924.)

1. **Vendor and purchaser ⟨196—Right to rents usually passes with conveyance of reversionary interest.**

The right to receive rents usually passes with the conveyance by the landlord of the reversionary interest in the land, whether the sale of such interest is voluntary or forced.

2. **Landlord and tenant ⟨204—Rule as to effect as to rents of foreclosure of lien on land stated.**

Where a sale is made under foreclosure of a lien on land created subsequent to the lease, the purchaser, unless there has been a severance of the rents from the reversion, is entitled to sue the tenant on the lease contract for rent accruing after his purchase; but a foreclosure of a lien created prior to the lease, if the lessee is a party to the foreclosure, puts an end to the lease itself, and the purchaser has the right in such case to immediate possession of the property.

3. **Public lands ⟨173(21)—Purchaser of school land after forfeiture not entitled to previous purchaser's rights under lease.**

Where the Commissioner of the General Land Office forfeited a sale of school land subsequent to execution of lease thereon by purchaser and thereafter sold the land to a third party, the lessee was not liable for the rent to third party, since there was no privity of estate.

Appeal from District Court, Lynn County; C. M. Mullican, Judge.

Suit by W. C. Wootton against J. J. Bishop and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Wm. A. Gillenwater, of Clovis, N. M., for appellant.

G. E. Lockhart, of Tahoka, for appellees.

BOYCE, J. This suit was brought by W. C. Wootton, against J. J. Bishop and W. D. Bishop, to recover rent alleged to be due under a rental contract between one Herndon and the Bishops, whereby Herndon leased a certain one-half section of land in Lynn county, Tex., to the Bishops for cultivation during the year 1922, on agreement that they would pay and deliver to him one-fourth of all cotton, or the value thereof, and one-third of all corn, or the value thereof, grown on said land during said year. Plaintiff alleged that he had acquired the

ownership of such land in the manner hereinafter stated and was entitled to receive the rents due on this contract. A trial without a jury resulted in judgment for the defendants, from which plaintiff appeals.

The case was tried on an agreement as to facts in substance as follows: That the land in question was "public free school land," and on January 1, 1922, Herndon was the owner of the right, under previous award from the state, to acquire title to said land by completion of payment therefor, according to the terms of the sale; that Herndon rented the lands to the Bishops for cultivation during the year 1922, as alleged by plaintiff; that on August 31, 1922, the Commissioner of the General Land Office "forfeited the sale to the said Herndon," and on September 2, 1922, sold the land to the plaintiff, Wootton, who continued to be the owner thereof until the time of the trial; "that in pursuance to said rent contract and agreement the defendants occupied and cultivated said lands in crops during the year 1922, raising thereon crops of corn and cotton;" that defendants were in "possession of said premises during all of the year 1922, until long after said sale on September 1, 1922"; that at the time of the sale there were unharvested crops on said land which were subsequently harvested by the Bishops and sold, and that "the rental that would have been due and payable to said Herndon under said rent contract of the defendants with said Herndon amounted to the sum of $1,344.09"; that the state of Texas made no claim "whatsoever to the crops or rents, profits or revenue, derived from said land."

[1, 2] The right to receive rents usually passes with the conveyance by the landlord of the reversionary interest in the land, and this is true whether the sale of such interest is voluntary or forced. Tiffany's Landlord & Tenant, § 180. So, where a sale is made under foreclosure of a lien on the land created subsequent to the lease, the purchaser, unless there has been a severance of the rents from the reversion, is entitled to sue the tenant on the lease contract for rent accruing after his purchase. This is because the reversion passes by the sale, and the purchaser is thus in privity with the lessee. But a foreclosure of a lien, created prior to the lease if the lessee is a party to the foreclosure, puts an end to the lease itself, and the purchaser has the right in such case to immediate possession of the property. Some of our decisions hold that the lease severs the crops from the land so that they are thereafter regarded as personalty and do not pass with the sale of the land. Brown v. Leath, 17 Tex. Civ. App. 262, 42 S. W. 655, 44 S. W. 42; Lombardi v. Shero, 14 Tex. Civ. App. 594, 37 S. W. 614, 971 (opinion on motion for rehearing); Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284. And it may be that the tenant, on application of the doctrine of emblements to such facts, would have the right of entry for the purpose of cultivating and removing such crops. Brown v. Leath, supra. But such right would not be by virtue of the continuance of the lease contract, but exists only on termination of the lease. Dinwiddie v. Jordan (Tex. Com. App.) 228 S. W. 126; Tiffany on Landlord and Tenant, § 251. If a purchaser, under foreclosure of a prior mortgage, is not bound by the rental contract, it would seem that the tenant would likewise be free, and many authorities hold that in such case there is no privity between such a purchaser and such a tenant and suit may not be brought by the purchaser on the lease contract unless the tenant attorns to him after the sale. Tiffany's Landlord & Tenant, §§ 147 and 730; Jones on Mortgages (6th Ed.) § 777. Mr. Tiffany says in this connection that—

"The courts occasionally lose sight of the above distinction between a sale under a prior and one under a subsequent lien, speaking of a purchaser under a prior lien as being entitled to the rent under the lease."

In the cases of Security Mortgage & Trust Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835; Williams v. King, 206 S. W. 106; Brod v. Guess, 211 S. W. 299, the Courts of Civil Appeals were considering the question as to the power of the mortgagor to sever rents from the reversion in determining whether the purchaser, at the foreclosure sale, or an assignee of the rents holding under assignment made before the sale, would be entitled to collect such rents. It is doubted whether those cases, when analyzed, are authority for the proposition that the purchaser under foreclosure sale of a prior mortgage may sue the tenant, who has not attorned to such purchaser, on the lease contract. But whatever may be the ultimate decision as to such question, it would not, in our opinion, be decisive of this case.

[3] The appellant is not in as strong a position as he would be if he were the purchaser under a mortgage superior to the lease. In such case there is at least a privity of estate between the mortgagor, the landlord in the lease contract, and the purchaser, which affords some ground, perhaps, for holding that such purchaser takes the mortgagor's right under the lease contract, with the option of repudiating it. Some decisions seem to proceed on this theory. But in this case there is no privity of estate between Herndon and the plaintiff, Wootton. The forfeiture ended Herdon's rights and interests in the land. Fristoe v. Blum, 92 Tex. 76, 45 S. W. 1002; Lawless v. Wright, 39 Tex. Civ. App. 26, 86 S. W. 1039.

"The purchaser [of school land from the state] had acquired nothing but the right to acquire a title by a compliance with the terms of the contract, and a performance of the con-

ditions precedent, which were the payment of the interest and the principal according to the terms expressed in the law and the agreement. When [he] failed to perform these conditions precedent to his right to acquire title, that right lapsed, and the state simply asserted its paramount title, against which there was no claim of right in [him] or any one holding under him." Fristoe v. Blum, supra.

Therefore the subsequent sale by the state to Wootton passed no rights that Herndon may have had as landlord, and without a subsequent agreement between Wootton and the Bishops there is no basis for holding that any contractual relationship existed between them. Tiffany on Landlord & Tenant, § 180 (h), p. 1120; Carlson v. Curran, 42 Wash. 647, 85 Pac. 627, 6 L. R. A. (N. S.) 260; Galveston Wharf Co. v. G., C. & S. F. Ry. Co., 72 Tex. 454, 10 S. W. 537; Thomson v. Weisman, 98 Tex. 170, 82 S. W. 503.

"In order that one may be entitled to an installment of rent, he must be either the original lessor, a transferee of the reversion, or one to whom the rent or the particular installment has been transferred. Occasion for the application of this principal arises most frequently in the case of a claim for rent asserted by one who has a title to the land paramount to that of the person who made the lease. That the rightful owner of land, who has been ousted therefrom by a wrongdoer, has no right to recover rent from one to whom such wrongdoer may have subsequently made a lease of the land, he being an utter stranger to the lease, is a matter as to which on principle there can be no question." Tiffany's Landlord & Tenant, p. 1120.

The continuance in possession by the Bishops, without anything else, does not establish an agreement to pay rent on the rental contract. Tiffany, § 73a (6), p. 415.

"In order to recover rent, technically as such, there must be an agreement to pay the rent to which the minds of both parties have assented. In the absence of direct proof of an express agreement, an agreement may be established by circumstances; but they must be such as to evidence the belief that it was consented to by the parties to it." Galveston Wharf Co. v. G., C. & S. F. Ry. Co., 72 Tex. 454, 10 S. W. 537.

The case of Buchanan v. Wilburn, 60 Tex. Civ. App. 206, 127 S. W. 1198, does not sustain appellant. Recovery in that case was not on the rental contract, but was for the reasonable rental value of the land by way of damages. This suit is on the rent contract, and the evidence sustains the trial court's conclusion that no right of recovery on such contract is shown in plaintiff's favor. Plaintiff sought no recovery for the use and occupancy of the land by the Bishops after his purchase.

We are of the opinion, therefore, that the judgment should be affirmed.