UNITED GENERAL INSURANCE
AGENCY OF MIDLAND,
INC., Appellant,

v.

AMERICAN NATIONAL INSURANCE
COMPANY, Appellee.

No. 08–87–00062–CV.

Court of Appeals of Texas,
El Paso.

Nov. 10, 1987.

---

**4.** Thus enabling Brown to identify the object as a knife rather than a gun.

Julia E. Vaughan, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellant.

Andrew J. Mytelka, Greer, Foutch, Herz & Adams, Galveston, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

SCHULTE, Justice.

This is a summary judgment case in which the trial court found a lessee bound to the purchaser at foreclosure on a lease subsequent to the lien. We reverse and remand.

La Villita–Midland Ltd. executed a deed of trust mortgage on August 8, 1983, to American National Insurance Company (hereafter American National) to secure a loan on La Villita Center owned by the mortgagor. The mortgagor, La Villita–Midland Ltd., sold the Center to Westpac Investors Trust II (hereafter Westpac). On January 22, 1986, Westpac leased office space in the Center to United General Insurance Agency of Midland, Inc. (hereafter United General). Westpac defaulted on the note; American National foreclosed and bought the property at the trustee's sale and on July 1, 1986, received a trustee's deed. United General, although continuing in possession, has not paid rent to American National since the foreclosure, electing rather on September 19, 1986, to sue American National for a judgment declaring United General was not bound to American National by the lease United General had with Westpac.

American National's first amended answer and counterclaim prayed for judgment declaring that United General was bound to American General by the lease agreement and prayed for accrued rent and attorney's fees. Appellee's summary judgment was sought and obtained on the basis that, as purchaser of the leased premises at foreclosure, it had the sole option to require the tenant to honor the lease and could unilaterally bind the tenant to the lease. We believe the trial court erred in adopting American National's position and decreeing United General bound to American National under the 1986 lease and awarding American National accrued rent under the lease, together with interest and attorney's fees.

Appellant argues that, before judicially resolving the matter, any payment of rent made and accepted would have impliedly bound Appellant to the lease contrary to Appellant's intent. Appellant insists that to affirm this judgment is to upset a long-standing precedent. This appears to be true, and the age of some of the case authority cited would bear that out. However, to update that authority, pertinent here is the following extract from W. Mike Baggett, Texas Foreclosure, Law and Practice (1984):

Section 2.87—Tenants

Leases receive the same treatment as other encumbrances. Thus, a lease executed before the deed of trust lien is superior to and not extinguished by foreclosure, and the purchaser at the trustee's sale becomes the new landlord. Conversely, leases executed after the recording of the deed of trust may be terminated at the foreclosure sale. However, the purchaser at the sale and the tenant may continue the lease; if the tenant offers and the purchaser accepts rent payments after the foreclosure, they have impliedly done so.

The continuation in possession by the tenant, without anything else, does not establish an agreement to pay rent on the rental contract. *Wootton v. Bishop*, 257 S.W. 930, 932 (Tex.Civ.App.—Amarillo 1923, writ ref'd). " 'In order to recover rent, technically as such, there must be an agreement to pay the rent to which the minds of both parties have assented. In the absence of direct proof of an express agreement, an agreement may be estab-

lished by circumstances; but they must be such as to evidence the belief that it was consented to by the parties to it.' *Galveston Wharf Co. v. G., C. & S.F. Ry. Co.,* 72 Tex. 454, 10 S.W. 537." *Wootton, supra,* at 932. Where the lease is executed after the mortgage, the sale under foreclosure gives the right to the purchaser to either terminate the lease or continue it in force with the tenant's consent, but does not of necessity terminate the lease. *Peck & Hills Furniture Co. of Texas v. Long,* 68 S.W.2d 288, 289 (Tex.Civ.App.—Fort Worth 1934, no writ).

Under the case before us, there is no express agreement. The circumstances do not evidence that *both* parties consented to Appellant's paying rent subsequent to the foreclosure. To the contrary, the Appellant made no payment of rent after foreclosure, but rather, within a reasonable time, filed suit to have its rights declared. Appellee's present attempt to relate back the 1986 lease to an earlier 1982 lease, to raise a new theory regarding status as mortgagee and to urge constructive attornment, cannot be considered on appeal in that these bases were not presented to the trial court as specific grounds of entitlement to summary judgment. Rule 166–A, Tex.R.Civ.P.; *Johnson v. J.M. Huber Corporation,* 699 S.W.2d 879, 885–886 (Tex. App.—Amarillo 1985, writ ref'd n.r.e.).

Having determined the judgment granted was in error, we hold that American National did not establish its entitlement to summary judgment as a matter of law under the theory relied upon. Equitably, as we believe Appellant concedes, Appellee is entitled to at least the reasonable rental value of the premises. It is appropriate that we decline to render, but rather remand for further proceedings. Rules 80 and 81, Tex.R.App.P.

Accordingly, Appellant's Point of Error No. One that the court erred in granting the Appellee a summary judgment is sustained. In view of our remand, Appellant's second point is overruled. In view of the reversal, Appellee's cross-point is overruled. The judgment is reversed and the cause remanded for further proceedings.