Paula Wilette BOYD, Appellant,

v.

UNITED BANK, N.A., Appellee.

No. 08–89–00398–CV.

Court of Appeals of Texas,
El Paso.

July 11, 1990.

Rehearing Overruled Sept. 12, 1990.

Gayle Newman Shackelford, Smith, Shackelford & Devine, Midland, for appellant.

Larry F. Amerine, Biggers, Beasley, Amerine & Earle, P.C., Craig S. Douglass, Biggers, Beasley, Amerine & Earle, P.C., Dallas, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

The trial court granted summary judgment in favor of a lender finding that the ex-wife of the borrower did not have a homestead interest in the mortgaged property. We affirm.

## FACTS

Paula and Dewayne Boyd were married and had four children. In 1983, they purchased a house situated on approximately thirty-nine acres of land in Ector and Midland counties. The house was on seventeen acres of improved land while the remaining twenty-two acres were unimproved. The seventeen acres were free of any lien but on the remaining twenty-two acres a Deed of Trust was executed to secure the payment of a $100,000.00 real estate note in favor of The First National Bank of Midland, Texas. The house and the seventeen acres remained free of any liens during the marriage. Approximately one year later, the balance on the note was renewed and extended.

The First National Bank of Midland became insolvent. FDIC became liquidator and thereafter assigned the Boyd's note and lien on the twenty-two acres to RepublicBank First National Bank of Midland. Thereafter, the note and lien were assigned to Appellee United Bank.

The Boyds were divorced October 1, 1986. The divorce decree awarded each of the parties a one-half interest in the property. Thereafter, Dewayne Boyd attempted to consolidate his debts by borrowing additional money from Appellee Bank using his one-half interest in the Midland–Odessa property. The Bank informed Dewayne Boyd that completion of the loan could only be made if (1) he solely owned title to the property or, (2) if he and Appellant Paula Wilette Boyd (his ex-wife) both executed a Deed of Trust to secure the loan.

On or about November 17, 1986, the Boyds executed a letter agreement by which Appellant sold all her interest in the property to her ex-husband, Dewayne Boyd. On the same date, she executed an Assignment of Real Estate Property conveying all her right, title and interest in the property. She also executed a Release of Lien releasing all liens she held on the property. She also executed a document saying she would vacate the property in January, 1987.

Thereafter, Dewayne Boyd represented to Appellee Bank that he solely owned the property, and the Bank closed the $235,-000.00 transaction on January 7, 1987. He executed a Deed of Trust Note and Deed of Trust which included the renewal and extension of the prior balance owed and the lien securing it when the original purchase of the property was made.

At the time the loan was actually closed, the Appellant and her children lived on the property. Appellee Bank steadfastly maintained that it relied on not only the oral representations but the executed instruments in making the loan. The Bank asserted that it had no notice or knowledge, either actual or constructive, that the Appellant was claiming any interest in the property.

In May, 1987, Appellant sued her former husband, Dewayne Boyd, under an equitable bill of review proceeding seeking to set aside the division of community property as provided in the original divorce. Her petition was granted and trial court set aside that portion of the decree of divorce that divided the community property. A new judgment was entered giving Appellant a $500,000.00 judgment against her ex-husband securing the payment by granting an equitable lien against the house and thirty-nine acres.

Appellee Bank, in December 1988, attempted to foreclose its lien on the property precipitating this lawsuit. Appellant's declaratory judgment suit asked the court to declare that the Appellee Bank's lien is void and invalid because it is an attempt to fix a lien against a homestead in violation of Article 16, sec. 50 of the Texas Constitution and Section 41.001, Tex.Prop.Code Ann (Vernon 1984). In the alternative, she

asked the trial court to declare her equitable lien against the property that was granted as in the Bill of Review case to be prior and superior to any right the Appellee Bank might have. The trial court also temporarily enjoined the foreclosure of the property.

The case was tried without a jury on April 18, 1989. The trial court entered judgment for Appellee Bank finding that Appellee did not have a homestead interest in the property on January 8, 1987, and that the Bank's lien was superior to any claim of right that Appellant might have. The trial court made and filed Findings of Fact and Conclusions of Law.

## POINTS OF ERROR

Points of Error Nos. One and Two assert legal and factually sufficiency challenges, contending the trial court erred in finding that the Bank had no notice or knowledge, either actual or constructive, of Appellant's claimed interest in the property.

■ As a general rule, actual possession provides constructive knowledge of the rights of the party in possession of the real property. When another person possesses and occupies the realty, the situation puts the mortgagee on notice of an equitable interest or an adverse claim in the property as much as if the contract on which it is based was recorded. Courts presume, as a matter of law, that if inquiry had been made, the possessor would have given the status of the title. Thus, one who accepts a mortgage may be charged with knowledge as to the possessor's interest and be held to have acquired a lien which is inferior to the possessor's interest or estate. *Texas Life Insurance Company v. Texas Building Company,* 307 S.W.2d 149 (Tex. Civ.App.—Fort Worth 1957, no writ).

■ In order to constitute notice by possession, the possession must be of such a character as to make it the duty of one who contemplates securing a mortgage on the property to ask the possessor regarding the nature of the claim and to reveal, if inquiry is made, the possessor's interest in the realty. *Sandoval v. Rattikin,* 395 S.W.2d 889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.).

■ There was evidence before the court that at the time Appellant executed the documents after the divorce, she knew that Dewayne Boyd was expecting to present the documents to United Bank for the purpose of borrowing on the collateral. She took no action to indicate to United Bank that she was making any claim to the property. In fact, just the contrary was indicated by her actions.

Appellant failed to prove that the Appellee Bank had notice that a simulated sale was done by her and her ex-husband which should have put the Bank under a duty to investigate the sale. The Appellee Bank therefore was entitled to rely on the documents signed by Appellant and the fact that the Appellant was to move off the property within forty-five days.

Points of Error Nos. One and Two are overruled.

■ Point of Error No. Three asserts a legal and factual sufficiency challenge urging that the trial court erred in finding that the Bank acted in good faith when it loaned her ex-husband $235,000.00 and took a deed of trust on the property.

The Bank made the $235,000.00 loan of which aproximately $90,000.00 was refinanced from the original loan made for the purchase of the property. It was a consolidation of debt loan which would reduce the debtor's payments by about $4,000.00 a month.

Were the documents executed after the divorce between Appellant and her ex-husband a sham to circumvent the homestead restrictions, or was it a legitimate sale of the realty to the ex-husband which resulted in eliminating the homestead, thereby opening the way for the subsequent loan and lien? We find there was sufficient evidence of good faith assignment of the Appellant's interest to conclude that the Appellee Bank acted in good faith.

Point of Error No. Three is overruled.

Point of Error Nos. Four and Five assert legal and factual sufficiency challenges urging that the trial court erred in conclud-

ing as a matter of law that the Appellant did not possess a homestead interest in the property on January 8, 1987.

■ The continuity of the homestead protection is dependent upon the court's conclusions as to the character (sham or valid sale) of the transfer of interest in the property from Appellant to her ex-husband. The Appellant executed a Letter Agreement with her ex-husband in which he agreed to pay her $131,000.00 as consideration of all her interest in the property. He agreed to make a down payment to her of $13,100.00 and to sign a promissory note payable to her in the amount of $117,-900.00. The Appellant in turn agreed to vacate the property by January 1, 1987. She also signed an Assignment of Real Estate Property and Release of Lien which purportedly transferred and assigned her right, title and interest in and to the property to her ex-husband, Dewayne Boyd. The Appellant sent a letter to her ex-husband stating in part "I have been and will continue to look for a house for the kids and me in town.... I need some more time in the house we are living in now while I look for the one in town. I realize we were suppose [sic] to be moved out by January 1, 1987."

The transfer of the property rights from the Appellant to her ex-husband was upheld by the trial judge, and there was sufficient evidence to support his conclusion.

Points of Error Nos. Four and Five are overruled.

We affirm the judgment of the trial court.