**Robert ONTIVEROS, Plaintiff,**

v.

**MBANK HOUSTON, N.A., et al., Defendants.**

**Civ. A. No. H-89-1402.**

United States District Court, S.D. Texas, Houston Division.

Nov. 16, 1990.

James B. McIver, Houston, Tex., for plaintiff.

John H. Wright, Houston, Tex., for defendant MBank.

Jerry L. Schutza, Houston, Tex., for other defendants.

## OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

Robert Ontiveros sued MBank Houston, N.A., to recover $125,000 owed to him under a lease. MBank breached the lease, and it must pay him. The Federal Deposit Insurance Corporation, as MBank's receiver, bears the liability.

1. *Background.*

In February 1981, Robert Ontiveros signed a lease with Denitex International, Inc., for a space in a shopping center. The lease, for four years plus an option to renew for an additional four years, granted Ontiveros the right to renovate the space. In June 1981, after Ontiveros occupied the space, Denitex executed a promissory note to the Bank of the Southwest. Denitex secured the note with a deed of trust on the land occupied by Ontiveros. Denitex assigned conditionally the leases and rents on the shopping center to the bank.

A dispute arose between Ontiveros and Denitex over the lease. Ontiveros sued Denitex, and they settled the suit in February 1982 by modifying the lease. The modified agreement (a) extended the lease to six years, (b) eliminated Ontiveros's option to renew, and (c) required Denitex to pay Ontiveros three installments of $25,000 and a fourth one of $125,000, partially in consideration for improvements to the property by Ontiveros. The lease was incorporated by reference into the agreement. Denitex paid the $25,000 to Ontiveros in 1982, 1983, and 1984. The $125,000 was due October 1, 1985.

In the meantime, Denitex transferred the property among related entities, and the Bank of the Southwest merged with MBank.

Denitex defaulted on its debt to MBank. MBank foreclosed on the property in July 1985. Ontiveros occupied the property when the loan was made and when the property was foreclosed. MBank notified Ontiveros to make all rent payments to it, and Ontiveros paid the rent to MBank for July, August, and September.

On October 1, 1985, MBank failed to pay Ontiveros the $125,000. Ontiveros demanded payment. MBank refused, but it continued demanding rent from Ontiveros. Because of MBank's failure to pay the $125,000, Ontiveros could not continue to renovate the property and, therefore, could not use it as contemplated in the lease, and he vacated the property. Ontiveros sued MBank to recover the $125,000.

MBank failed, and the FDIC became its receiver. Before becoming insolvent, MBank sold the property leased by Ontiveros to Realty Alliance of Texas, Ltd. The FDIC is now the receiver for MBank.

## 2. MBank's Lien Is Inferior.

■ Ontiveros' rights in the lease, specifically the right to payment of $125,000.00 on October 1, 1985, are superior to MBank's interest in the property. Because Denitex and Ontiveros entered into the lease before the Bank of the Southwest took a security interest in the property, the bank could only acquire a lien inferior to Ontiveros' interest. See United Gen. Ins. Agency v. American Nat'l Ins. Co., 740 S.W.2d 885, 885 (Tex.App.—El Paso 1987, no writ); Texas Life Ins. Co. v. Texas Bldg. Co., 307 S.W.2d 149, 152 (Tex.Civ.App.—Ft. Worth 1957, no writ); Brown v. Moss, 265 S.W.2d 613, 616 (Tex.Civ.App.—Ft. Worth 1954, writ ref'd n.r.e.). The successor banks acquired whatever rights their predecessors had, in this case, a lien inferior to Ontiveros' rights under the Denitex lease.

The foreclosure of the lien by MBank did not alter Ontiveros's rights in the property. See F. Groos & Co. v. Chittim, 100 S.W. 1006, 1010 (Tex.Civ.App.1907, no writ). The February 1982 agreement between Denitex and Ontiveros, including the payment for improvements to the property,

was part of the lease. The bank has no option but to abide by the terms of the lease since its inception was antecedent to the bank's interest.

## 3. MBank Is Charged with Knowledge.

■ The FDIC asserts that because the lease was unrecorded at the time the bank acquired the security interest, the bank cannot be charged with knowledge of its existence. Texas law has long held that a tenant's possession of the premises is constructive notice, placing everyone on inquiry about the tenant's rights in the leasehold. F. Groos & Co. v. Chittim, 100 S.W. at 1010 (Tex.Civ.App.1907, no writ). "[W]hen another person possesses and occupies the realty, the situation puts the mortgagee on notice of an equitable interest or an adverse claim in the property as much as if the contract on which it is based was recorded". Boyd v. United Bank, N.A., 794 S.W.2d 839 (Tex.App.—El Paso 1990, writ requested). In this case, Ontiveros occupied the building when the Bank of the Southwest acquired its lien, and, indeed, at the time Southwest merged with MBank. Ontiveros's possession, charges the banks with knowledge of the lease's terms.

## 4. MBank's Lien Is Inferior to the Changed Lease Too.

■ The FDIC alternatively argues that (a) the bank's lien is inferior only to the original lease between Denitex and Ontiveros and (b) thus the FDIC did not take the property subject to the terms of the agreement that were altered after it/the bank acquired a lien in the property. A postmortgage change in a lease does not alter the priority of the antecedent lease. Mercer v. Daoran Corp., 676 S.W.2d 580, 582 (Tex.1984) (just as junior lienholder is bound by extension agreements between the senior lienholder and the property owner).

A mortgagee, with knowledge that a third party possesses the mortgaged property, must inquire into the terms of the original lease and bind the mortgagor not

to alter the lease to protect its interest. The Texas Supreme Court stated:

> We think it a safe and salutary rule to require of a prospective purchaser of land to ascertain whether any other be in occupancy of it; and, if there be such possession, to go to the possessor and ascertain the nature and extent of his claim. Possession is evidence of title, and, it seems to us, that common prudence and common honesty demand this course. If so, the possession should be notice to him; and, if notice to a purchaser, it is notice to a creditor.

*Collum v. Sanger Bros.*, 98 Tex. 162, 82 S.W. 459, 460 (1904). The lender here failed to check the original lease or the property itself. Imprudence on the part of the mortgagee cannot reduce the rights of the tenant.

### 5. *MBank Ratified the Lease.*

■ If the interest granted to the bank was not originally subject to Ontiveros's occupancy, the bank ratified the renewed lease. The bank demanded and accepted rent under the lease. The bank never told Ontiveros that he was a trespasser or tenant at sufferance. The original four-year lease expired on August 1, 1985. If this were the only instrument the bank had, it could not have been enforcing an expired lease. MBank could receive payments only under the renewal agreement. MBank's demand for rent accruing after August 1985 and its acceptance of Ontiveros's rent payments for July, August, and September indicate an acceptance, if not an awareness, of the February 1982 lease. Accepting rents ratified the revised lease, with its extended term of six years.

■ Recognition by a landlord of a tenancy after the landlord has acquired the right of entry, waives the right of entry. *G.C. Murphy Co. v. Lack*, 404 S.W.2d 853, 859 (Tex.Civ.App.—Corpus Christi, 1966, writ ref'd n.r.e.) (issue of fact of landlord's waiver required trial). The acceptance of rent after the breach of a condition in the lease implies a waiver of the landlord's right to reenter.

### 6. *Ontiveros Was Evicted.*

■ Texas recognizes an implied warranty of suitability for intended commercial purposes. The bank's failure to pay the $125,000 was a functional failure of the commercial transaction. The failure to pay for the improvements prevented Ontiveros from completing the renovation, and Ontiveros could not use the land for his commercial purposes. The breach of the covenant effectively evicted him, and Ontiveros abandoned the property. *Davidow v. Inwood North Professional Group*, 747 S.W.2d 373, 377 (Tex.1988).

### 7. *Conclusion.*

Ontiveros was evicted from the property by MBank's refusal to pay $125,000 as required by the lease. The renovation funded by the payment was essential for Ontiveros to use the property as intended. The foreclosure did not diminish the antecedent leasehold rights of Ontiveros. Ontiveros's possession of the property was notice to MBank of Ontiveros's rights. MBank's lien is inferior to Ontiveros's expanded interest. Finally, MBank's demand for and acceptance of rent after August 1985 were proper only if the revised lease was in effect. That same demand and acceptance after August 1985 ratifies the February lease, even if it had been inferior to the mortgage, which it was not.

The FDIC as receiver for MBank owes Ontiveros $125,000 plus interest, with no setoff for rents not paid by Ontiveros.

### FINAL JUDGMENT

Robert Ontiveros recovers from the Federal Deposit Insurance Corporation as receiver for MBank Houston, N.A.:

A. $125,000.00 due on October 1, 1985, under the February 17, 1982, lease;

B. $42,699.00 prejudgment interest (6% compounded annually from October 31, 1985, to November 16, 1990);

C. $65,888.67 attorney's fees;

D. Post-judgment interest at 7.28% per year; and

E. Court costs.