**In re FARB INVESTMENTS INTERESTS LTD., d/b/a The Governor's House Apartments, British Inn Apartments, Hampton House Apartments, Braes Hill Apartments, Telegraph Hill Apartments, The St. Charles Apartments, and The Boardwalk Apartments, Debtors.**

**Bankruptcy No. 92–48099–H1–11. Adv. No. 93–4295.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

June 21, 1993.

---

---

## MEMORANDUM OPINION

MANUEL D. LEAL, Chief Judge.

Before the Court is the Emergency Complaint for (i) Enforcement of the Automatic Stay of § 362 of the Bankruptcy Code, (ii) Contempt Against Aetna Life Insurance Company for Violating the Automatic Stay, (iii) Recovery of Damages, and (iv) Preliminary Injunction and Permanent Injunction Together With Request for Expedited Hearing filed by the debtor, Farb Investments Interests Ltd. and PCA Southwest Associates Limited Partnership. An evidentiary hearing was held on May 26, 1993.

PCA and debtor Farb Investments contend that Aetna's proposed foreclosure of property owned by PCA to satisfy indebtedness owed by Harold Farb would violate the automatic stay, 11 U.S.C. § 362(a)(6) in particular.[1] PCA and Farb Investments argue that by seeking foreclosure of PCA's interest, Aetna is attempting to recover or collect a debt against the debtor. Aetna disputes movants' interpretation of § 362(a)(6) and maintains that the proposed foreclosure will only affect a non-debtor entity, PCA, and does not involve a debt of the debtor, Farb Investments. Following the hearing the litigants filed their post trial memorandum of law, proposed findings and conclusion of law on the issue of whether the foreclosure contemplated by Aetna would violate the automatic stay if conducted.

This Court has jurisdiction of this matter pursuant to 11 U.S.C. § 362, 28 U.S.C. §§ 1334 and 157, and the District Court's general order of reference. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

---

1. § 362(a)(6) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)93) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

After considering the testimony, the pleadings, and the relevant statutory and case authority, this Court concludes that the automatic stay does not apply to Farb Investments in this matter because foreclosure is sought against a non-debtor entity, PCA. The automatic stay is applicable to Farb Investments only to the extent that it protects its leasehold interest in the subject properties form being disturbed or destroyed. Thus, Aetna may proceed with the proposed foreclosure sale without violating the automatic stay provided that Aetna complies with certain requirements to be set forth in this opinion. The following opinion shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FINDINGS OF FACT

Harold Farb is not a debtor in bankruptcy. Harold Farb, individually, executed certain non-recourse promissory notes payable to Aetna. These Aetna Notes were secured by real property then owned by Mr. Farb. Pursuant to these security documents Aetna has a first lien security interest on 3 distinct phases of 2 separate apartment complexes owned by Mr. Farb. Mr. Farb entered into a sale-lease back transaction whereby he sold the ground underlying the apartment complexes to PCA and leased the land back from it. Mr. Farb retained ownership of the improvements on the PCA properties. Mr. Farb then transferred his interest in these properties, among others, to debtor Farb Investments Interests Limited. Currently, PCA owns the land and debtor Farb Investments owns the improvements thereon. The obligations of Harold Farb under the Aetna Notes have never been transferred to debtor Farb Investments.

Default on the Aetna Notes occurred in August, 1992. Farb Investments filed a voluntary Chapter 11 petition on September 25, 1992. On or about May 10, 1993 Aetna sent Mr. Farb notices of acceleration, demand letters, and a notice of foreclosure sale with respect to the PCA properties. Aetna also delivered carbon copies of these notices and demand letters to PCA, Farb Investments and each of the PCA properties. On or about May 21, 1993 the debtor and PCA filed the Emergency Complaint which is the subject of this opinion requesting this Court to prevent Aetna from proceeding with the foreclosure sale.

### CONCLUSIONS OF LAW

■ Aetna admits that the Aetna Notes are not obligations of Farb Investments, and that the debtor Farb Investments does not owe any money to Aetna. As a result, this Court rules that for purposes of this hearing, Aetna does not have a claim against Farb Investments in this bankruptcy case. Aetna's foreclosure of PCA's ownership interest in the properties will not violate the automatic stay pursuant to § 362(a)(6) because that statute only prohibits actions against a debtor or a debtor's property to recover claims against the debtor. Aetna's attempt to partially satisfy a debt of Mr. Farb by foreclosing on PCA's property interests in the properties does not involve action against debtor Farb Investments nor against property of the estate. Aetna is attempting to recover an obligation of a non-debtor entity from property owned by another non-debtor entity.

The Court has considered the argument advanced by debtor and PCA that the non-recourse debt owed by Mr. Farb was converted to a recourse debt of the bankruptcy estate because Aetna filed a proof of claim in this bankruptcy and because of the operation of 11 U.S.C. § 1111(b).[2] This Court reiterates its conclusion that for purposes of this matter, Aetna does not have a claim against Farb Investments in this bankrupt-

---

**2.** § 1111(b)(1)(A) provides: A claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse, unless—

(i) the class of which such claim is a part elects, by at least two-thirds in amount and more than half in number of allowed claims of such class, application of paragraph (2) of this subsection; or

(ii) such holder does not have such recourse and such property is sold under section 363 of this title or is to be sold under the plan.

cy case notwithstanding its filing of a proof of claim.

Further, § 1111(b) pertains to "A claim secured by a lien on property of the estate." In the instant case, the property which Aetna seeks to foreclose upon, PCA's ownership interest in the underlying property, is not property of the estate pursuant to 11 U.S.C. § 541. Debtor has no interest in the PCA properties. Debtor does have an interest in the leasehold which is not being disturbed. Farb Investments' leasehold interest in the subject properties, which is property of the estate, is not the target of Aetna's foreclosure action. Accordingly, Aetna does not have a claim against Farb Investments by operation of § 1111(b).

Farb Investments and PCA also assert that the settlement agreement between them is a valuable asset of the debtor which constitutes property of the estate. They contend Aetna's proposed foreclosure would destroy the settlement and therefore violate the automatic stay. This Court finds there is insufficient evidence establishing that this settlement agreement is a valuable asset of the debtor and property of the estate pursuant to § 541 such that actions which endanger the agreement's survival violate § 362.

 Significantly, the demand letters and notices transmitted by Aetna expressly provide that any foreclosure of PCA's fee interest will only affect PCA's fee ownership and not Farb Investments' leasehold interest in the properties or its ownership of the improvements thereon. Texas law provides that a lease may continue in full force and effect notwithstanding the non-judicial foreclosure of a superior deed of trust lien on the property if the tenant and the purchaser at the foreclosure sale so agree after the foreclosure. The agreement may be implied, such as when the purchaser at the foreclosure sale accepts rent payments from the tenant after foreclosure. *Peck & Hills Furniture Co. v. Long*, 68 S.W.2d 288 (Tex.Civ.App.—Fort Worth 1934, no writ); *United General Insurance Agency of Midland, Inc. v. American National Insurance Co.*, 740 S.W.2d

885 (Tex.App.—El Paso 1987, no writ). The agreement could also be express. *Vahlsing Christina Corporation v. First National Bank of Hobbs*, 491 S.W.2d 954 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.). Even if the tenant refuses to enter into such an agreement with the purchaser at the foreclosure sale, the purchaser can unilaterally subordinate the deed of trust lien to the lease before the foreclosure sale. PCA and Farb Investments have not introduced substantive evidence establishing otherwise.

Thus, as long as Aetna carries out its professed intention to effect a subordination of its lien to the Farb Investments lease, whether unilateral or by agreement with Farb Investments, the subordination will prevent any purchaser at the foreclosure sale from acting in such a way as to impair debtor Farb Investments' tenancy rights. Debtor's peaceful possession of its leased properties will remain intact after the foreclosure to the same extent as it is before the foreclosure. Therefore, the proposed foreclosure of PCA's interest in the underlying property will not result in a violation of § 362 because debtor Farb Investments' leasehold interest and its ownership interest in the improvements to the property will be unaffected. Bankruptcy's core role of maximizing the relative values of creditors is thus protected, and the assets available to creditors for reorganizing Farb Investments remain undisturbed.

 Additionally, Aetna's transmission of the notices and demand letters did not violate the automatic stay because they pertained to acceleration of a debt owed by Mr. Farb who is not in bankruptcy. Aetna has not accelerated any debt owed by debtor Farb Investments because Farb Investments has no obligation pursuant to the Aetna Notes. The fact that copies of the notices and demand letters regarding acceleration of Mr. Farb's debt were sent to Farb Investments and the Aetna properties does not change this.

Accordingly, Aetna may proceed with foreclosure of PCA's ownership interest in the Aetna properties because § 362 does not operate to protect PCA, a non-debtor.

This ruling is conditioned upon debtor Farb Investments remaining in peaceful possession of the properties as lessee, and as owner of the improvements on the Aetna properties. To ensure this, as suggested by Aetna, Aetna is to file an irrevocable unilateral subordination certificate with the appropriate state or county office prior to conducting a foreclosure sale which subordinates Aetna's lien against PCA to Farb Investments' lease. Alternatively, Aetna may file an express non-disturbance and attornment agreement or lease confirmation agreement between it and Farb Investments, or a subordination agreement between it as mortgagee and Farb Investments as tenant prior to the sale.

### ORDER

The Emergency Complaint for (i) Enforcement of the Automatic Stay of § 362 of the Bankruptcy Code, (ii) Contempt Against Aetna Life Insurance Company for Violating the Automatic Stay, (iii) Recovery of Damages, and (iv) Preliminary Injunction and Permanent Injunction Together With Request for Expedited Hearing filed by the debtor, Farb Investments Interests Ltd., and PCA Southwest Associates Limited Partnership is denied for the reasons set forth in this Court's Memorandum Opinion of June 18, 1993.

The automatic stay does not apply to protect PCA, a non-debtor, from Aetna's attempt to foreclose on the subject properties. The automatic stay is applicable to Farb Investments only to the extent that it protects its leasehold interest in the properties from being disturbed or destroyed. Aetna has not violated 11 U.S.C. § 362 by taking steps toward its goal of foreclosing on PCA's ownership interest in the subject properties.

Therefore, Aetna is permitted to foreclose upon the fee estate owned by PCA which consists of the land underlying the St. Charles Apartments—Phase "B" and the Telegraph Hill Apartments—Phases "C" and "D", located in Houston, Harris County, Texas, pursuant to the three Deeds of Trust executed by Harold Farb in favor of Aetna Life Insurance Company executed on September 12, 1978, October 13, 1978, and January 12, 1979, respectively.

Aetna is to file an irrevocable unilateral subordination certificate with the appropriate state or county office prior to conducting a foreclosure sale which subordinates Aetna's lien against PCA to Farb Investments' lease. Alternatively, Aetna may file an express non-disturbance and attornment agreement or lease confirmation agreement between it and Farb Investments, or a subordination agreement between it as mortgagee and Farb Investments as tenant prior to the sale.

So ordered.